UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10131 MLW

HEATHER KIERNAN,

Plaintiff,

MAGISTRATE JUDGE Collings

-v-

CIVIL ACTION NO.

ARMORED MOTOR SERVICE OF
AMERICA, INC. and
FRANCESCO CIAMBRIELLO,

Defendants.

**COMPLAINT
AND JURY TRIAL DEMAND**

Jurisdiction

1.  This action arises under the laws of the United States and is brought pursuant to the following: Title VII of the Civil Rights Act of 1964, as amended, Title 42, §§ 2000e et seq. of the United States Code. Jurisdiction is based upon the existence of questions arising therefrom as more fully appears below.

2.  On November 15, 2001, the Plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination. No disposition on the complaint was made prior to the filing of this Complaint. She has withdrawn her complaint to proceed with this lawsuit.

3.  The Plaintiff has received a Right to Sue letter from the Equal Employment Opportunity Commission dated December 18, 2003 and she has exhausted all administrative requirements and remedies.

1

## Parties

4. At all relevant times, the Plaintiff, Heather Kiernan, was a resident of the Commonwealth of Massachusetts, in the County of Bristol.

5. The Defendant, Armored Motor Service of America, Inc. (AMSA) is a corporation formed under the laws of the State of New York with a principal place of business in the State of New York. AMSA has offices and locations worldwide, and in particular, has an office located in Attleboro, Massachusetts which, for the purposes of this complaint, is the only location that is relevant.

6. The Defendant, Francisco Ciambriello, is a resident of the Commonwealth of Massachusetts and resides in the County of Bristol.

## Background

7. On or about May 20, 2001 the Plaintiff was employed with the Defendant AMSA as a data entry clerk. She had been working at the position approximately one month, and it was her first job since giving birth to her first child in February of that same year.

8. At the time of the Plaintiff's employment with AMSA, the Defendant, Francisco Ciambriello was one of her supervisors. Specifically, at all times relevant hereto, he was responsible for the security of the premises in which the Plaintiff, and all other relevant AMSA employees, worked. While on her shift, the Plaintiff was not permitted to leave AMSA's premises without the permission of Defendant Ciambriello, as he needed to unlock the doors to permit Plaintiff to leave. In his capacity as an employee of and supervisor at the Defendant AMSA,

and with AMSA express authority, Defendant Ciambriello carried a loaded firearm during the performance of his duties.

9.  In February of 2001, the Plaintiff gave birth to her first child and shortly thereafter returned to the workforce to earn a living for her family.

10. Approximately one week prior to May 19, 2001, the Plaintiff arrived at her job. Shortly after her arrival, the Defendant Ciambriello came into the office in which she was working and unbuttoned his pants, tucked in his shirt, put on his gun belt and loaded his gun in front of her. The Plaintiff was disgusted by the Defendant Ciambriello's actions and asked why he could not "do that in the bathroom." The Defendant Ciambriello replied, "why, when I can do it here?"

11. On May 19, 2001, the Plaintiff reported to work at approximately 2:30 in the afternoon. The Defendant Ciambriello was present and allowed the Plaintiff into the premises and locked the doors behind her after she entered. The Defendant Ciambriello said "hi," and proceeded to inform the Plaintiff how he had been out drinking until 4:30 a.m. that morning.

12. Later that same day, the Defendant Ciambriello came up behind the Plaintiff and started massaging her shoulders. The Defendant Ciambriello pulled the Plaintiff toward him, put his hand up her shirt and bra and started to unbutton her jeans. Plaintiff stood up and protested but he forced the Plaintiff into an office. At some point, the Defendant Ciambriello removed the gun from its harness and carried it by placing it behind his back, resting inside the top of his pants, and did carry it that way while bringing the Plaintiff into the office.

13. After forcing the Plaintiff into the office, the Defendant Ciambriello pulled down the Plaintiff's pants and sexually assaulted her. He attempted to force the Plaintiff to perform oral sex upon him, which she fought off. The Defendant Ciambriello bit the Plaintiff on the body, including on and near her breast and genitals leaving marks, and further used his fingers to penetrate her vagina. While this was going on, the Defendant Ciabriello's firearm was not secured in his holster, but was stuck in the back of his pants. The Plaintiff was terrified and afraid. Despite the Plaintiff's fearful pleas to cease his attack, the Defendant Ciambriello continued his attack and rape.

14. After leaving her job that day, the Plaintiff reported the rape to authorities. When Defendant Ciambriello was initially questioned by the police, he denied that any physical contact had occurred between him and the Plaintiff at any time. Upon information and belief, he told the police "I never touched her."

15. However, unbeknownst to the Defendant Ciambriello, the Plaintiff had been to the hospital for treatment and Rape Kit evidence had been gathered, documenting the events alleged in this Complaint. When the police brought this evidence to the Defendant Ciambriello's attention, he changed his story, admitted that he touched the Plaintiff, but claimed that it was consensual.

16. The actions of Defendant Ciambriello, specifically, his taking Plaintiff into the room against her will where she was subsequently sexually assaulted and raped, were videotaped. The tape showed Defendant Ciambriello walking the Plaintiff into the room, and the Plaintiff stating clearly and unambiguously to Defendant Ciambriello that she did not want to go in to the

room with him. The tape also showed Defendant Ciambriello's hands on the Plaintiff's buttocks. The tape showed that Defendant Ciambriello's gun was not properly and safely secured in its holster, but was tucked in the back of his pants. However, these tapes have disappeared. The explanation for the disappearance of these tapes is questionable.

17. The Defendant AMSA has offered no credible explanation for the loss of the tapes.

18. The Plaintiff did not return to work after the incident. However, following the rape she met with AMSA management. AMSA management held the meeting in the exact same office wherein the rape occurred. Being in that room caused Plaintiff tremendous anxiety and emotional distress, resulting in her deciding not to return to the workplace at all. Requiring the Plaintiff to enter the room wherein the rape occurred showed a reckless and callous indifference to the Plaintiff's civil rights, as well as her emotional state following this horrific crime.

19. Shortly after the incident, Defendant Ciambriello was terminated. Defendant AMSA did not terminate Defendant Ciambriello for rape, or for any other fact stated in this Complaint. Instead, Defendant AMSA terminated Defendant Ciambriello for smoking a cigarette on May 19, 2001. Defendant AMSA learned of Defendant Ciambriello's smoking by viewing the aforementioned videotaped evidence. The actions of the Defendant AMSA reflect a callous and reckless indifference to the Plaintiff's civil rights.

17. As a direct result of the actions of the Defendants, the Plaintiff has suffered extreme emotional distress.

18. As a direct result of the actions of the Defendants, the Plaintiff sustained lost wages, both past and future.

19. As a direct result of the actions of the Defendants, the Plaintiff was forced to incur attorneys' fees and costs in prosecuting this action.

20. The actions of each of the Defendants, as aforesaid, reflect an intentional disregard and/or a reckless indifference for the Plaintiff's civil rights.

### Count One

**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT AMSA**

21. Paragraphs 1 through 20 are included herein as if fully set forth into this Count One.

22. The actions of the Defendant AMSA constitute unlawful sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

### Count Two

**VIOLATIONS OF MASS.GEN.L. c. 151B, et seq. AGAINST DEFENDANT AMSA**

23. Paragraphs 1 though 20 are included herein as if fully set forth into this Count Two.

6

24. The actions of the Defendant AMSA constitute unlawful sexual harassment, in violation of Chapter 151B, Section 1, et seq. of the Massachusetts General Laws.

## Count Three
### VIOLATIONS OF THE MASSACHUSETTS CIVIL RIGHTS ACT AGAINST DEFENDANT CIAMBRIELLO

25. Paragraphs 1 through 20 are included herein as if fully set forth into this Count Three.

26. The actions of the Defendant Ciambriello were willful, and moreover, done with threats, intimidation or coercion and thus a violation of Chapter 12 Section 11 of the Massachusetts General Laws for which he is personally liable to this Plaintiff.

WHEREFORE, the Plaintiff prays that judgment enter into her favor, and further requests that this Court ORDER:

a. That the Defendant AMSA pay the Plaintiff compensatory damages;

b. That the Defendant Ciambriello pay the Plaintiff compensatory damages;

c. That the Defendant AMSA pay the Plaintiff punitive damages;

d. That the Defendant Ciambriello pay the Plaintiff punitive damages;

e. That the Plaintiff be awarded the costs of bringing this action, including but not limited to reasonable attorneys fees; and

f.  Any additional relief that this Court deems equitable just and proper.

Dated at Boston, Massachusetts this 20th day of January, in the year 2004.

THE PLAINTIFF,
By her attorneys:

William J. McLeod, BBO No. 560572
Robert S. Messinger, BBO No. 651396
Cutler McLeod, P.C.
77 Franklin Street
Boston, MA  02110
(617) 695-2777

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEATHER KIERNAN,

    Plaintiff,

-v-

ARMORED MOTOR SERVICE OF
AMERICA, INC. and
FRANCESCO CIAMBRIELLO,

    Defendants.

04 10131 MLW

## JURY TRIAL DEMAND

TO THE CLERK OF THE ABOVE CAPTIONED COURT: The Plaintiff hereby requests a jury trial.

                        THE PLAINTIFF,
                        By her attorneys:

DATED:   January 20, 2004

William J. McLeod, BBO No. 560572
Robert S. Messinger, BBO No. 651396
Cutler McLeod, P.C.
77 Franklin Street
Boston, MA  02110
(617) 695-2777

9