UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEATHER KIERNAN,

Plaintiff,

v.

ARMORED MOTOR SERVICE OF AMERICA, INC. and FRANCESCO CIAMBRIELLO,

Defendants.

C. A. NO. 04-10131MLW

**ANSWER**

Defendant Armored Motor Service of America, Inc. ("AMSA"), by and through its attorneys, hereby answers the numbered paragraphs of the Complaint as follows:

**Jurisdiction**

1. The allegations set forth in this paragraph of the Complaint are introductory in nature and set forth no factual allegations which can be admitted or denied.

2. Admitted.

3. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore they are denied.

**Parties**

4. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph of the Complaint.

5. AMSA denies the allegations set forth in this paragraph of the Complaint.

6. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph of the Complaint.

**Background**

7. AMSA admits only that on or about May 20, 2001, Plaintiff was employed by it as a data entry clerk and that she had only been employed by AMSA for a few months. AMSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation set forth in this paragraph of the Complaint.

8. AMSA denies all allegations set forth in this paragraph of the Complaint except that it admits that on Saturday, May 19, 2001, Defendant Ciambriello would have had to unlock the door of AMSA's facility in order for Plaintiff to leave and that as part of his regular assigned duties as a vault supervisor, Defendant Ciambriello was required to carry a loaded firearm while at work.

9. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied.

10. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied.

11. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied.

12. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied. Upon information and belief any alleged sexual contact occurring between Plaintiff and Defendant Ciambriello on May 19, 2001 was welcome.

13. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied. Upon information and belief, any alleged sexual contact occurring between Plaintiff and Defendant Ciambriello on May 19, 2001 was welcome.

14. AMSA denies that "after leaving her job that day, the Plaintiff reported the rape to authorities." AMSA is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and they are therefore denied.

15. AMSA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied.

16. AMSA denies the allegations set forth in this paragraph of the Complaint.

17. AMSA denies the allegation set forth in this paragraph of the Complaint.

18. AMSA denies the allegations set forth in this paragraph of the Complaint except that it admits that Plaintiff never reported to work after May 19, 2001 and that Plaintiff met on one occasion at AMSA's facility to discuss her intent to return to work..

19. AMSA admits that shortly after May 19, 2001, Defendant Ciambriello was terminated from its employ. AMSA denies the remaining allegations set forth in this paragraph of the Complaint.

Second 17. AMSA denies the allegation set forth in this paragraph of the Complaint.

Second 18. AMSA denies the allegations set forth in this paragraph of the Complaint.

Second 19. AMSA denies the allegations set forth in this paragraph of the Complaint..

20. AMSA denies the allegations set forth in this paragraph of the Complaint.

**Count One**

21. AMSA realleges and incorporates each and every response contained in Paragraphs One through 20 above as though fully set forth herein.

22. Denied.

**Count Two**

23. AMSA realleges and incorporates each and every response contained in Paragraphs One through 20 above as though fully set forth herein.

24. Denied.

**Count Three**

24. AMSA realleges and incorporates each and every response contained in Paragraphs One through 20 above as though fully set forth herein.

25. The allegations set forth in this paragraph of the Complaint are directed solely against Defendant Ciambriello and therefore require no response from AMSA

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because they are untimely.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because of the doctrines of waiver, laches, estoppel and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because she failed to mitigate her damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because defendant made good faith efforts to comply with all equal employment opportunity laws.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, and are pre-empted by, the Worker's Compensation Law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part due to her failure to comply with applicable administrative prerequisites.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because AMSA exercised reasonable care to prevent and correct promptly any sexually harassing behavior that may have occurred and because plaintiff unreasonably failed to take advantage of the prevention and correction opportunities provided by AMSA.

**NINTH AFFIRMATIVE DEFENSE**

The named corporate defendant is no longer in existence and therefore can not be held liable.

WHEREFORE, the defendant AMSA requests that the complaint be dismissed in its entirety, together with costs and such other and further relief as this Court deems appropriate.

ARMORED MOTOR SERVICES OF AMERICA, INC.,

By its attorneys,

Robert P. Joy
Allison Romantz
MORGAN, BROWN & JOY, LLP
One Boston Place, Suite 1616
Boston, MA 02108-4472
(617) 523-6666

**Certificate of Service**

I hereby certify that a true copy of the above pleading was served upon Plaintiff's counsel of record, William J. McLeod, Cutler McLeod, P.C., 77 Franklin Street, Boston, MA 02110 and Francisco Ciambriello, 242 Temi Road, Raynham, MA 02767 by first class mail, postage prepaid on this 3 day of March, 2004.

Allison Romantz

Dated: March 3, 2004