UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER KIERNAN,<br>　　　　Plaintiff,<br><br>V<br><br>ARMORED MOTOR SERVICE<br>OF AMERICA, INC. and<br>FRANCESCO CIAMBRIELLO,<br>　　　　Defendants. | Civil Action No: 04-10131-MLW |

## ANSWER

Now comes Defendant, Francesco Ciambriello, by and through his attorney, David R. Ardito, and hereby answers the numbered paragraphs of the Complaint as follows:

### Jurisdiction

1. The allegations set forth in this paragraph of the Complaint are introductory in nature and set forth no factual allegations which can be admitted or denied.

2. Admit.

3. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore, they are denied.

### Parties

4. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore, they are denied.

5. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore, they are denied.

6. Admit.

## **Background**

7. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore, they are denied.

8. Francesco Ciambriello denies all allegations set forth in this paragraph of the Complaint except that he admits that he was required to carry a loaded firearm while at work and he admits that he was the Plaintiff's supervisor at the time of the alleged incident.

9. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore, they are denied.

10. Francesco Ciambriello denies the allegations set forth in this paragraph of the Complaint.

11. Francesco Ciambriello denies the allegations set forth in this paragraph of the Complaint.

12. Francesco Ciambriello denies all of the allegations set forth in this paragraph of the Complaint.

13. Francesco Ciambriello denies all of the allegations set forth in this paragraph of the Complaint.

14. Francesco Ciambriello denies all of the allegations set forth in this paragraph of the Complaint.

15. Francesco Ciambriello denies the allegations set forth in this paragraph of the Complaint.

16. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied.

17. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph of the Complaint and it is therefore denied.

18. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore, denied.

19. Francesco Ciambriello admits that he was terminated from his employ with 'AMSA' shortly after the alleged incident; however, denies all other allegations set forth in this paragraph of the Complaint.

Second 17. Francesco Ciambriello denies the allegation set forth in this paragraph of the Complaint.

Second 18. Francesco Ciambriello is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and they are therefore denied.

Second 19. Francesco Ciambriello denies the allegation set forth in this paragraph of the Complaint.

20. Francesco Ciambriello denies the allegations set forth in this paragraph of the Complaint.

### Count One

21. Francesco Ciambriello re-alleges and incorporates each and every response contained in Paragraphs 1-20 above as though fully set forth herein.

22. Francesco Ciambriello denies the allegation set forth in this paragraph of the Complaint.

### Count Two

23. Francesco Ciambriello re-alleges and incorporates each and every response contained in Paragraphs 1-22 above as though fully set forth herein.

24. Francesco Ciambriello denies the allegation set forth in this paragraph of the Complaint.

### Count Three

25. Francesco Ciambriello re-alleges and incorporates each and every response contained in Paragraphs 1-24 above as though fully set forth herein.

26. Francesco Ciambriello denies all allegations set forth in this paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part because they are untimely.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part because of the doctrines of waiver, laches, estoppel and unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because she failed to mitigate her damages.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part, and are pre-empted by the Worker's Compensation Law.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part due to her failure to comply with applicable administrative prerequisites.

*WHEREFORE*, the Defendant, Francesco Ciambriello, requests that the Complaint be dismissed in its entirety, together with costs and such other and further relief as this Court deems appropriate.

Respectfully submitted,
Francesco Ciambriello,
By and through his attorney,

David R. Ardito, Esq.
Bisio & Dupont Building
228 County Street
Attleboro, MA 02703-3534
(508) 431-2222
BBO# 630025

### Certificate of Service

I, David R. Ardito hereby certify that I have served a copy of the foregoing Answer to counsel for the Plaintiff by mailing first-class, postage pre-paid on this 10th day of March 2004 to William J. McLeod of Cutler McLeod, P.C. at 77 Franklin Street, Boston, MA 02110 and to counsel for co-defendant, AMSA by mailing first-class, postage pre-paid to Allison Romantz of Morgan, Brown & Joy, LLP to One Boston Place, Suite 1616, Boston, MA 02108-4472.