UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 22 P 12: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| HEATHER KIERNAN,<br><br>    Plaintiff,<br><br>v.<br><br>ARMORED MOTOR SERVICE OF AMERICA, INC. and FRANCESCO CIAMBRIELLO,<br><br>    Defendants. | C. A. NO. 04-10131MLW |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant New Mallard, LLC ("New Mallard"), the successor to Victor Heights Holding Corp. f/k/a Armored Motor Service of America, Inc., hereby submits its opposition to the Motion to Compel Production of Documents filed by Plaintiff Heather Kiernan. As set forth in more detail below, Plaintiff's motion is moot because New Mallard/AMSA has responded to Plaintiff's Request for Production of Documents and has tendered its Rule 26(a)(1) Disclosures and did so in a time agreed upon by Plaintiff's counsel:

1. Defendant New Mallard/AMSA was served with Plaintiff's First Request for Production of Documents on or about April 7, 2004.

2. To date, the Court has not scheduled a scheduling conference or issued any scheduling order in this matter.

3. Shortly before New Mallard/AMSA's responses were due, counsel for New Mallard/AMSA contacted counsel for Plaintiff to seek an extension of time in which to

respond. Counsel for Plaintiff asked how much time was needed and counsel for Defendant New Mallard/AMSA stated that it would need at least an additional 30 days. Counsel for New Mallard/AMSA explained to Plaintiff's counsel that it may be difficult to collect the relevant documents responsive to the request because of the sale of AMSA's assets and the closing of AMSA's business. During this conversation, Plaintiff's counsel indicated that there was no particular urgency for New Mallard/AMSA to response so long as it responded prior to the scheduled deposition of co-defendant Francisco Ciambriello on June 3, 2004. *(Affidavit of Allison K. Romantz, ¶ 3, attached hereto as Exhibit A.)*

4. During this same telephone conference, Plaintiff's counsel inquired as to when New Mallard/AMSA anticipated serving its Rule 26(a)(1) Initial Disclosures and he requested that New Mallard/AMSA do so, if possible, before the deposition of co-defendant Francisco Ciambriello. New Mallard/AMSA's counsel agreed to do so. *(See Romantz Affidavit, ¶ 4).*

5. Approximately a week and a half before the June 3 scheduled deposition date of co-defendant Francisco Ciambriello, Plaintiff's counsel notified New Mallard/AMSA's counsel that the deposition needed to be rescheduled and would not proceed on June 3, 2004. To date, Plaintiff's counsel has not yet rescheduled that deposition. *(See Romantz Affidavit, ¶ 5).*

6. During the week of June 7, counsel for Plaintiff called New Mallard/AMSA's counsel to inquire as to the status of AMSA's response to the First Request for Production of Documents. New Mallard/AMSA's Counsel indicated that the responses

were almost ready and that she was simply waiting for one or two additional documents. New Mallard/AMSA's Counsel indicated that she thought that the responses would probably be completed and served at the end of that week. *(See Romantz Affidavit, ¶ 6).*

7. Although the responses were completed by the end of the week, New Mallard/AMSA's counsel was unavailable to finalize the responses due to a scheduling conflict and intended to serve the responses at the start of the following week. *(See Romantz Affidavit, ¶ 7).*

8. On Monday, June 14, Plaintiff's Counsel called and left a voice mail message stating that he intended to file a motion to compel since AMSA had not responded to the document request. *(See Romantz Affidavit, ¶ 8).* New Mallard/AMSA's counsel returned Plaintiff's counsel's call within a half hour, and left a voice mail message stating that the discovery would be served on the following day. *(See Romantz Affidavit, ¶8 ).* Notwithstanding knowledge that the response to the document request would be served upon Plaintiff on the following day, Plaintiff's counsel nevertheless went forward and filed the instant motion to compel. *(See Romantz Affidavit, ¶ 9).*

9. New Mallard/AMSA's response to Plaintiff's First Request for Production of Documents was served by hand delivery upon Plaintiff on Tuesday, June 15, 2004.

WHEREFORE, since New Mallard/AMSA has already served upon Plaintiff its response to Plaintiff's First Request for Production of Documents and therefore Plaintiff's motion to compel is moot, Defendant New Mallard/AMSA respectfully requests that Plaintiff's Motion to Compel be denied.

Respectfully submitted,

NEW MALLARD, LLC.,

By its attorneys,

Robert P. Joy
Allison K. Romantz
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
617 523-6666

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel for record, William McLeod, Cutler, McLeod, 77 Franklin Street, Boston, MA 02110 and Co-Defendant Francisco Ciambriello's counsel of record, David Ardito, Esq., Bisio and Dupont Building, 228 County Street, Attleboro, MA 02703 by first class mail, postage prepaid on this ___ day of June, 2004.

Allison Romantz