UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEATHER KIERNAN,

    Plaintiff,

v.

ARMORED MOTOR SERVICE OF
AMERICA, INC. and FRANCESCO
CIAMBRIELLO,

    Defendants.

C. A. NO. 04-10131MLW

## AFFIDAVIT OF ALLISON K. ROMANTZ IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

I, Allison K. Romantz, hereby state as:

1. I am an attorney with Morgan, Brown & Joy, LLP in Boston, Massachusetts. Along with Robert P. Joy, I represent New Mallard, LLC, the successor to New Victor Holding Company f/k/a Armored Motor Services of America, Inc., in the above captioned matter.

2. I was served with Plaintiff's First Request for Production of Documents to Armored Motor Services of America, Inc. in or around early April, 2004.

3. Shortly before New Mallard/AMSA's responses were due, I telephoned Plaintiff's counsel, Attorney William McLeod, to seek an extension of time in which to respond to Plaintiff's document request. Attorney McLeod asked how much time was needed and I stated that I would need at least an additional 30 days. I explained to Attorney McLeod that I was having some difficulty trying to collect the relevant documents responsive to the request because of the sale of AMSA's assets and the closing of AMSA's business. During this conversation, Attorney McLeod indicated that there was no particular urgency for New Mallard/AMSA to response so long as it responded prior to the scheduled deposition of co-defendant Francesco Ciambriello on June 3, 2004.

4. During this same telephone conference, Attorney McLeod inquired as to when I anticipated serving Defendant's Rule 26(a)(1) Initial Disclosures and he requested that I

do so, if possible, before the deposition of co-defendant Francisco Ciambriello. I agreed that I would do so.

5. Approximately a week and a half before the June 3 scheduled deposition date of co-defendant Francisco Ciambriello, I received a telephone call from Attorney McLeod's office advising me that Francisco Ciambriello's deposition needed to be rescheduled and would not proceed on June 3, 2004. To date, Plaintiff's counsel has not yet rescheduled this deposition.

6. During the week of June 7, Attorney McLeod called me to inquire as to the status of AMSA's response to the First Request for Production of Documents. I advised Attorney McLeod that the responses were almost ready and that I was simply waiting to receive one or two additional documents from the client. I indicated that I thought that the responses would probably be completed and served at the end of that week.

7. Although the responses were completed by the end of the week, I was unavailable to finalize the responses due to a scheduling conflict and understanding that there was no particular urgency to the response, intended to serve the responses at the start of the following week.

8. On Monday, June 14, Attorney McLeod called and left me a voice mail message stating that he intended to file a motion to compel since AMSA had not responded to the document request. I returned his call within a half hour, and left him a voice mail message stating that the discovery would be served on the following day. Notwithstanding that message, Attorney McLeod nevertheless went forward and filed the instant motion to compel.

9. New Mallard/AMSA's response to Plaintiff's First Request for Production of Documents was served by hand delivery upon Attorney McLeod on Tuesday, June 15, 2004.

Signed under the pains and penalties of perjury this 21 day of June, 2004.

_____
Allison Romantz

Signed Before Me this
21st day of June, 2004.

_____

KELLY M. CAMP
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 2, 2010

2