UNITED STATES DISTRICT COURT

Eastern District of Massachusetts

Heather Kiernan,
       plaintiff

V.

Armored Motor Service
of America, Inc., and
Francesco Ciambriello,
       defendants

DOCKET NO.
1:04CV10131- RBC

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

This Memorandum of Law is submitted in support of the Motion for Protective Order filed with respect to a deposition subpoena duces tecum served upon the Keeper of the Records of the Office of the Bristol County District Attorney, and with respect to a deposition subpoena pursuant to F. R. Civ. P. 30(b)(6) served upon the Office of the Bristol County District Attorney.

### STATEMENT OF FACTS

This action is brought for alleged unlawful sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USCS § 2000e et seq.

On or about October 19, 2004, the plaintiff served a subpoena for a deposition duces tecum on the "Keeper of the Records, Office of the Bristol County District Attorney," basically requesting that a representative of this office

appear at a deposition on December 3, 2004 to testify and hand over any and all file information concerning missing surveillance videotapes relating to prosecution in 2003 of defendant, Francesco Ciambriello, in Bristol County.[1] (Subpoena attached as "Exhibit A" to the Motion for Protective Order). The file, discovery of certain portions of which is now sought, includes work product revealing deliberations, opinions and thought processes of the District Attorney's Office.

On October 21, 2004, plaintiff served a subpoena for a F. R. Civ. P. 30(b)(6) deposition upon the "Office of the Bristol County District Attorney," for a deposition on December 6, 2004 regarding the matter of Commonwealth v. Francesco Ciambriello, Indictment No. BRCD 2002-0773. (Subpoena attached as "Exhibit B" to the Motion for Protective Order).

## ARGUMENT

I. THE SUBPOENAED DOCUMENTS ARE IMMUNE FROM DISCOVERY TO THE EXTENT THEY REPRESENT ATTORNEY WORK PRODUCT.

In general, "(t)he 'work product' of an attorney is the product of his investigation of a case in preparation for trial in his capacity as attorney representing a client." *Scourtes v. Fred W. Albrecht Grocery Co.*, 15 F.R.D. 55, 58 (1985, ED Pa). As such, "documents and tangible things ... otherwise discoverable"... are precluded from discovery unless there is "a showing that (plaintiff) has substantial need of the materials in the preparation of the

---

[1] Defendant, Armored Motor Service of America, Inc. made the surveillance videotapes as part of security for the premises at which the plaintiff was employed.

(plaintiff's) case and that (plaintiff) is unable without undue hardship to obtain the substantial equivalent of the materials by other means" F.R. Civ. P.26(b)(3). In addition, the Court is required to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories" made by the attorney F.R. Civ. P.26(b)(3). The doctrine encompasses prosecutors' notes made in preparation for trial, including notes from interviews with witnesses. See *Hickman v. Taylor*, 329 U.S. 495, 511, (1947) ("Proper preparation of a . . . case demands that prosecutors assemble information, sift what they consider to be the relevant from the irrelevant facts, prepare their legal theories and plan their strategy without undue and needless interference. . . . This work is reflected . . . in interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal beliefs . . .").

The fact that the Office of the District Attorney is not a party does not make the rule inapplicable. See, e.g., *Mailhot v. Monarch Machine Tool Co.*, 37 Fed. R. Serv. 2d 207 ( "To the extent the Rule 26(b)(3), literally read, seems to give insufficient protection to material prepared in connection with some other litigation, the court can vindicate the purposes of the work product rule by the issuance of a protective order under Rule 26(c)", quoting Wright & Miller, Federal Practice and Procedure: Civil, §2024 (West, 1970) at p.202).

The District Attorney's file contains documents prepared by the District Attorney's office in conjunction with the prosecution of defendant, Francesco Ciambriello. Certain documents have been withheld and are identified in the Objection this office filed contemporaneously with this motion. The withheld

3

documents are subject to discovery only if the plaintiff makes a proper showing under F.R. Civ. P.26(b)(3). Moreover, many of the documents represent the "mental impressions, conclusions, opinions, or legal theories" of the District Attorney's office, which must not be disclosed even if the requisite showing of the need for the work product is made.

Here, plaintiff does not have substantial need of the materials requested concerning missing videotapes in order to prepare for her case because the fact that they are missing is irrelevant to plaintiff's burden of proof.[2] Because the information requested is not relevant, it is not discoverable in any event under F.R. Civ. P.26(b)(1).

Also, the plaintiff can not show that she is unable without undue hardship to obtain the substantial equivalent of the materials by other means because, at the criminal trial of defendant, Francesco Ciambriello, two witnesses who viewed the

---

[2] "It appears that in order to prevail on a Title VII claim based on harassment that allegedly caused a work environment to be intimidating, hostile, or offensive, an employee must allege and prove that (1) the employee belonged to a protected group, (2) the employee was the subject of unwelcome sexual harassment, (3) the harassment complained of was based on sex, (4) the harassment was sufficiently severe to unreasonably interfere with work performance or create an intimidating, hostile, or offensive work environment (citation omitted) There is also a requirement that where the sexual harassment is that of a coworker only, that the employer either knew or should have known of the conduct and failed to take prompt remedial action (citation omitted). Similarly, there is authority to the effect that where the sexual harassment is that of supervisory personnel, the employer must have actual or constructive notice of the conduct and fail to take appropriate corrective action to be liable. (footnote omitted) However, other courts have taken the position that in the case of sexual harassment of any subordinate employee by a supervisor of that employee, employer knowledge of the harassment is not a necessary element of the Title VII action based on an intimidating, hostile, or offensive work environment. (footnote omitted) 78 A.L.R. Fed. 252

tapes prior to their disappearance testified as to their observations. A court reporter recorded the testimony and, presumably, would prepare transcript(s) for a fee. Further, at the evidentiary hearing on Francesco Ciambriello's motion to dismiss the indictments because of the lost tapes, a witness (who later testified at trial) testified as to his viewing of the tapes prior to their disappearance. The District Attorney's office will produce a copy of the transcript of that hearing.

For the reasons outlined above, the plaintiff can not make the required showing that the information in the District Attorney's file is discoverable generally under F.R. Civ. P.26(b)(1); that plaintiff has a substantial need for the materials; or that plaintiff is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

II.   DOCUMENTS DISCLOSING THE THOUGHT PROCESSES, DELIBERATIONS, AND DECISION-MAKING OF THE DISTRICT ATTORNEY'S OFFICE ARE NOT SUBJECT TO PUBLIC SCRUTINY.

The "self-critical" analysis or deliberative privilege is available to a government agency to protect discussions and recommendations made prior to an agency decision on matters of policy. *Thompson v. Lynbrook Police Department*, 172 F.R.D. 23, 26 (E.D.N.Y. 1997). In addition to the statutory privilege accorded investigatory materials, common law privilege prevents disclosure of the deliberations of prosecuting attorneys. See *United States v. Berrigan*, 482 F.2d 171, 181 (3d Cir. 1973); *Gomez v. Nashua*, 126 F.R.D. 432, 434-436 (1989); *Sullivan v. Stefanik*, 605 F. Supp. 258, 260 (N.D. Ill. 1985). Sound policy reasons prevent such disclosure. "The decision whether to prosecute is the product of a deliberative process which should be afforded a high degree of protection from

5

public inquiry." *Gomez*, 126 F.R.D. at 435. In addition, communications between district attorneys and the public must be protected to ensure the fulfillment of important law enforcement goals.

"Also underlying the policy is the rationale that 'the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases. . . . *[A] failure to place reasonable limits upon private litigants' access to responsible government officials as sources of routine pretrial discovery would result in a severe disruption of the government's primary function.*' *Community. Fed. Savings & Loan Assoc. [v. Federal Home Loan Bank*, 96 F.R.D. 619, 621 (D.C.C. 1983)] (citing *Capitol Vending Co. v. Baker*, 36 F.R.D.45 (D.D.C. 1964)." *Gomez*, 126 F.R.D. at 434 (emphasis added).

The presumptive privilege for confidential decision making of prosecutors may only be overcome by a specific showing of need, requiring proof that the documents sought are both highly relevant to the instant action and unavailable from any other source. *Association for Reduction of Violence*, 734 F.2d at 66. The Courts have noted, however, that "the interest of the party asserting a privilege tends to be strongest when the information in question falls squarely within the definition of privilege, and its disclosure would undermine the public interest in free, candid and uninhibited exchange of information or jeopardize the physical security of an individual or governmental institution." Id., *Gomez*, 126 F.R.D. at 435. Such is the case here, where the document request squarely strikes at the core of the privilege.

Moreover, although the privilege that protects the deliberative process of the District Attorney's office does not necessarily extend that protection to documents that are purely factual in nature, *Gomez*, 126 F.R.D. at 435, such documents are not subject to disclosure to the extent they are inseparable from or otherwise reveal the thought processes of the District Attorney's office. Id.

Finally, this Court should discourage attempts to seek discovery of even purely factual material through subpoenas to district attorneys, unless such materials are not available by other means. *Gomez*, 126 F.R.D. at 435. In this case, all relevant factual materials in the file were the subject of court testimony, transcripts of which plaintiff is free to obtain.

V.  THIS COURT SHOULD QUASH THE DEPOSITION SUBPOENA (Exhibit B) TO THE EXTENT IT REQUIRES THE OFFICE OF THE DISTRICT ATTORNEY TO TESTIFY AS TO INTERNAL DELIBERATIONS, INVESTIGATORY MATERIALS, MATERIALS PROTECTED FROM DISCLOSURE BY G. L. 41, § 97D, G. L. c. 265, § 24C, AND TO THE EXTENT ANY FACTUAL INFORMATION SOUGHT REVEALS DELIBERATIONS OR IS AVAILABLE BY OTHER MEANS.

The general rule against subjecting government officials to inquiries into their decision making process is well established. See *United States v. Morgan*, 313 U.S. 409 (1941); *New England Medical Center, Inc. v. Rate Setting Comm'n*, 384 Mass. 46, 56 (1981), and cases cited therein. See also *Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 12-13 (D. Mass. 1990) ("heads of agencies are normally not subject to depositions"). Sound policy reasons support this general rule: "such officials must be free to conduct their jobs without the constant interference of the discovery process." Id. These policies apply with at least

7

equal force to shield prosecutors from the discovery process. "The decision whether to prosecute is the product of a deliberative process which should be afforded a high degree of protection from public inquiry." *Gomez*, 126 F.R.D. at 435. See also *Sullivan v. Stefanik*, 605 F. Supp. at 260 ("[i]t would be improper, however, to ask [the prosecutor] about his own mental processes or opinions"). Moreover, the policies of Exemption (f) of the Public Records Act, G. L. c.4, § 7, cl. Twenty-sixth, which shields <u>documents</u> disclosing investigations, also shields disclosure of the same information through a deposition. Thus, to the extent the plaintiff seeks to depose the representatives of the Office of the District Attorney as to opinions or deliberations or as to the mental processes of the District Attorney's office, and to the extent the questioning concerns the contents of the investigatory file, the deposition subpoena must be quashed.

Although purely factual materials may not be privileged from disclosure, such factual materials are not available by deposition of a prosecutor unless unavailable from other sources. *Church of Scientology*, 138 F.R.D. at 12-13; *Gomez*, 126 F.R.D. at 435. "Courts generally refuse to compel the deposition of a government witness if the plaintiff may obtain by discovery an alternative and less burdensome method to the government." <u>Id.</u> At 436.

Moreover, to the extent purely factual material may disclosed or intertwined with deliberative materials, such discovery is forbidden. "[F]actual information may also be privileged if it is inextricably intertwined with the process by which policy is made or if the manner of selecting or presenting the facts would reveal the deliberative process." <u>Id.</u>, at 435.

The deposition must also be curtailed to prevent disclosure of "investigatory materials necessarily complied out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." G.L. c. 4, section 7, cl. twenty-sixth (f).

Also, to the extent that there would be questions posed at a deposition intended to ascertain and discuss the allegations of sexual assault by the defendant, Francesco Ciambriello, disclosure of such information is prohibited by G. L. c. 41, § 97D; G. L. c. 265, § 24C.[3]

## CONCLUSION

For the foregoing reasons, this Court should enter a protective order in favor of the Office of the District Attorney (1) quashing the subpoena duces tecum ("Exhibit A") to the extent it requires production of privileged documents disclosing the deliberations, work product, mental impressions, opinions, legal

---

[3] G. L. 41, § 97D provides, in part, that "(A)ll reports of rape and sexual assault or attempts to commit such offenses and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by the police departments in a manner which will assure their confidentiality.

G. L. c. 265, § 24C provides that, "(t)hat portion of the records of a court or any police department of the commonwealth or any of its political subdivisions, which contains the name of the victim in an arrest, investigation or complaint for rape or assault with intent to rape under section thirteen B, twenty-two, twenty-two A, twenty-three, twenty-four or twenty-four B, inclusive, of chapter two hundred and sixty-five, shall be withheld from public inspection, except with the consent of a justice of such court where the complaint or indictment is or would be prosecuted.

Said portion of such court record or police record shall not be deemed to be a public record under the provisions of section seven of chapter four.

theories, or conclusions of the District Attorney's office; or documents available to the plaintiff by less onerous means, and (2) quashing the subpoena (Exhibit B), inasmuch as it requires representatives of the Office of the District Attorney to testify at a deposition.

        Respectfully submitted,
        Office of the Bristol County
        District Attorney


        _____
        William R. Connolly
        Assistant District Attorney
        Bristol District
        P.O. Box 973
        888 Purchase Street
        New Bedford, MA 02741
        (508) 997-0711

## CERTIFICATE OF SERVICE

I, William R. Connolly, hereby certify that I have this date, November 1, 2004, served the foregoing documents upon attorneys of record, by mailing a copy first class, postage prepaid mail to:

**William J. McLeod**
McLeod Law Offices, P.C.
77 Franklin Street
Boston, MA 02110
617-542-2956

**David R Ardito**
Law Office of David R. Ardito
Bisio & DuPont Building
228 County Street
Attleboro, MA 02703-3534

**Robert P. Joy**
Morgan, Brown & Joy
Suite 1616
One Boston Place
Boston, MA 02108
617-523-6666

_____
William R. Connolly
Assistant District Attorney