UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HEATHER KIERNAN,<br>Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No: 04-10131-RBC |
| V | ) | |
| | ) | |
| ARMORED MOTOR SERVICE OF | ) | |
| AMERICA, INC., and | ) | |
| FRANCESCO CIAMBRIELLO, | ) | |
| Defendants. | ) | |

## DEFENDANT, FRANCESCO CIAMBRIELLO'S INITIAL DISCLOSURES

Pursuant to *Rule 26(a)(1)* of the Federal Rules of Civil Procedure ("*Fed.R.Civ.P.*"), and *Rule 26.2(a)* of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Massachusetts, Defendant, Francesco Ciambriello ("Ciambriello" or "Defendant") provides the following initial disclosures to the Plaintiff, Heather Kiernan ("Kiernan" or "Plaintiff"). The Defendant makes these initial disclosures based on information reasonable available to him at this time and subject to a duty to supplement or correct the disclosures to include information acquired hereafter under *Fed.R.Civ.P. 26.2(e)*.

Since the Defendant has not completed his investigation of the case, it is possible that some individuals listed herein may not in fact possess significant information regarding the issues involved in this litigation, or, may only have knowledge which is duplicative of knowledge possessed by others. Thus, the Defendant's disclosures represent a good faith effort pursuant to *Fed.R.Civ.P. 26(a)(1)(A)* to identify information he reasonably believes is discoverable and that he may use to support his defense as presently pled.

The Defendant's initial disclosures are made without waiving in any way: (i) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (ii) the right to object on any grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. All of the disclosures est forth below are made subject to the above objections and qualifications.

**(A)    The name and, if known, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

Pursuant to *Fed.R.Civ.P. 26(a)(1)(A)*, the Defendant identifies the following individuals who may be "likely to have discoverable information that he may use to support his defense" as

presently pled.   The Defendant does not consent to or authorize the Plaintiff's communications with employees, officers, directors, attorneys or inventors, whether formerly or presently associated or employed by "AMSA", and does not consent to or authorize any communication otherwise prohibited by all applicable rules of professional conduct.

> Francesco Ciambriello
> 242 Temi Road
> Raynham, MA 02767
> 1-508-828-1792

**(B)**    **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Pursuant to Fed.R.Civ.P. 26(a)(1)(B) the Defendant provides below "a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control" of the Defendant that he may use to support his defense. The Defendant also provides below a description of documents, data compilations, and tangible things that are in possession of third parties that he may use to support his defense.

The Defendant may use the following documents and tangible things to support his defenses: All information that Defendant's attorney may have in his possession that was used in the criminal trial entitled Commonwealth v. Francesco Ciambriello including but not limited to a video tape (it is our belief that opposing counsel presently has a copy of same), Police Reports, Statements made to the Grand Jury, and Statements made to police officers.

**(C)**    **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

None

**(D)**    **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

At this time, the Defendant is aware of no insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy any judgment.

Respectfully submitted,
Francesco Ciambriello,
By and through his attorney,

David R. Ardito, Esquire
Bisio & Dupont Building
228 County Street
Attleboro, MA 02703-3534
508-431-2222
BBO# 630025

Dated: December 2, 2004

## Certificate of Service

I, David R. Ardito, hereby certify that I have served a copy of the foregoing to all interested parties by mailing first-class, postage pre-paid on this _24th_ day of November 2004 as follows:

William J. McLeod, Esquire
McLeod Law Offices, P.C.
77 Franklin Street
Boston, MA 02110

Robert P. Joy, Esquire
Allison K. Romantz, Esquire
Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108