UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

HEATHER KIERNAN,

    Plaintiff,

-v-                                    CIVIL ACTION NO. 04-10131 RBC

ARMORED MOTOR SERVICE OF
AMERICA, INC. and
FRANCESCO CIAMBRIELLO,

    Defendants.

_____

**PLAINTIFF HEATHER KIERNAN'S OPPOSITION TO THE MOTION OF DEFENDANT'S COUNSEL FOR PROTECTIVE ORDER AS TO <u>NOTICE OF DEPOSITION</u>**

    Plaintiff hereby opposes the Motion of Defendant's Counsel David Ardito for Protective Order.  This matter has been scheduled for a telephonic hearing scheduled for March 31, 2005 at 2:00 p.m.[1]

    As grounds in support, the Plaintiff respectfully represents:

    1.    One of many significant issues in this case – which is articulated in the complaint – is videotape evidence which was seized by the police, but vanished in the criminal proceeding involving Defendant Ciambriello.

    2.    This missing evidence lead to a hung jury, and ultimately, Ciambriello pleading to only to assault.

---

[1] In an email dated March 17, 2005 the undersigned was informed for the first time that the subpoena and Notice of Deposition were going to be challenged.  At no time, did the moving party contact the undersigned to seek any limitation, or for that matter, any explanation as to why the deposition was being sought.  If the moving party had complied with the local rules of this court (particularly, Local Rule 7.2(A)), the parties could have prepared more substantive memoranda than what is currently before the Court.

3. Defendant Ciambriello was represented by the movant, David Ardito in (upon information and belief) all phases of the criminal matter.

4. According to the deposition of Jason Khoury[2], who was also the Plaintiff's former direct supervisor at the time of the incident, the tapes were viewed at AMSA by Mr. Ardito, Mr. Abreu, from the Bristol County District Attorney's Office[3], and Eddie O'Brien of AMSA.  Mr. Ardito did not attend the deposition.  See pertinent pages of the deposition of Jason Khoury, attached hereto as Exhibit A, deposition pp. 72-74.

4. Based on the information provided by Mr. Khoury at his deposition, Mr. Ardito was one of the last people to see the (now missing) physical evidence in the underlying criminal matter.  His testimony is necessary for that limited factual area.

5. The Plaintiff noticed the deposition of Mr. Ardito for the purposes of questioning him on the following subject areas:

    a. All facts that lead him to AMSA's premises to view the tapes;

    b. All facts that lead him to request a copy of the tapes from AMSA <u>after</u> the tapes were viewed at AMSA;

    c. Any and all facts concerning any time he saw the videotaped evidence which has gone missing.

    d. Any and all facts concerning the dates that he was at AMSA to view the tapes.

---

[2] The deposition took place on March 2, 2005 at Mr. Khoury's place of employment: Gillette.

[3] The deposition of the District Attorney's Office is scheduled for March 29, 2005 at 10:00 am.

   e. Any and all facts concerning the letter of February 20, 2003 to AMSA from Mr. Ardito.[4]  See Exhibit B.

6. Mr. Ardito's testimony is necessary because he is a <u>fact witness</u> for the limited purposes of those facts that enable the Plaintiff to learn what happened to the subject videotapes.  Plaintiff has not intent – nor any desire to seek the testimony of any communications that would be protected by the Attorney-Client privilege.

WHEREFORE, for all of the foregoing reasons, the Plaintiff respectfully requests that Mr. Ardito's motion be DENIED, and that Mr. Ardito be ordered to testify at deposition as to the following:

   a. All facts that lead him to AMSA's premises to view the tapes;

   b. All facts that lead him to request a copy of the tapes from AMSA <u>after</u> the tapes were viewed at AMSA;

   c. Any and all facts concerning any time he saw the videotaped evidence which has gone missing.

   d. Any and all facts concerning the dates that he was at AMSA to view the tapes.

   e. Any and all facts concerning the letter of February 20, 2003 to AMSA from Mr. Ardito.  See Exhibit B.

---

[4] In May 2003, Plaintiff learned for the first time through an MCAD pleading that the tapes were missing.

  f. Any other subject matter that the Court deems appropriate.

      Respectfully submitted,

      THE PLAINTIFF,
      Heather Kiernan,
      By her attorney:

DATED: March 29, 2005

       /s/ William J. McLeod
      William J. McLeod, BBO. 560572
      McLeod Law Offices, PC
      77 Franklin Street
      Boston, MA  02110
      (617) 542-2956/phone
      (617) 695-2778
      wjm@mcleodlawoffices.com