UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER KIERNAN,<br>    Plaintiff,<br><br>               v.<br><br>ARMORED MOTOR SERVICES OF AMERICA, INC. and FRANCISCO CIAMBRIELLO,<br>    Defendants. | Civil Action No. 10131 |

**DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**I.      INTRODUCTION**

Plaintiff Heather Kiernan brings this action against her former employer, Armored Motor Service of America, Inc. (hereafter, "AMSA") and former supervisor Francisco Ciambriello pursuant to Title VII of the Civil Rights Act of 1964, as amended, Title 42 §§ 2000e *et seq*. of the United States Code. Plaintiff alleges that she was sexually assaulted by defendant Ciambriello on May 20, 2001 while at her workplace.

During discovery, AMSA learned that Plaintiff had filed a number of restraining orders against her husband, John Kiernan, alleging incidents of domestic violence (Ex. A, deposition of J. Kiernan).  Plaintiff also produced documents in discovery that allude to marital difficulties.  Because those materials are deemed confidential by agreement between the parties, they are not attached hereto.  (Ex. B, Confidentiality Agreement; Ex. C, Affidavit of Counsel).

On December 1, 2004, AMSA propounded its Second Request for Production of Documents to plaintiff, seeking all documents in her possession, custody or control

related to restraining orders, divorce, custody issues, and financial support matters. (Ex. D, AMSA's Second Request for Production of Documents). On April 18, 2005, Plaintiff responded to the Request for Documents by objecting to production of all documents, on the grounds that the documents are "not relevant," "not likely to lead to the discovery of relevant or admissible litigation," and "are requested solely for the purpose of harassing, intimidating or oppressing this plaintiff…" (Ex. E, Plaintiff's Response to AMSA's Second Request for Documents.)

The plaintiff has agreed to present the requested materials to the Court for an *in camera* review. In order to preserve its rights on this issue, AMSA files the instant motion to compel production of these materials. *See JOM, Inc., d/b/a Chipco Int'l, Ltd. v. Adell Plastics, Inc.,* 193 F.3d. 47, 51 )(1st Cir. 1999) (holding that a party's failure to bring a motion to compel discovery prior to trial has waived its rights on the issue).

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure R. 26(b)(1) allows broad discovery, not only of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, " but also of matters that appear "reasonably calculated to lead to the discovery of admissible evidence." As the Supreme Court noted in *Seattle Times Co. v. Rheinhart*, 467 U.S. 20, 30, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984):

> The [discovery] Rules do not differentiate between information that is private and intimate and that to which no privacy interests attach. Under the Rules, <u>the only express limitations are that the information sought is not privileged, and is relevant to the subject matter of the pending action</u>. In the face of the broad scope of permissible discovery, Fed.R.Civ.P. 26(c) provides a mechanism, available in appropriate cases, to limit the discovery or dissemination of certain information. Upon a showing of good cause and as justice may require to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, a court may, among other things, enter a protective order providing that the discovery not be had or be had only on specified terms and conditions. … (emphasis added).

Pursuant to Fed. R. Civ. P. 37, if "a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer,…or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). "Rule 37 is a 'case management tool' which 'sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process'". *Jom, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 50 (1st Cir. 1999) citing *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18-19 (1st Cir. 1991).

### III. ARGUMENT

The documents that are sought by AMSA concern the statements made by the plaintiff in connection with marital disputes which allegedly contain averments of physical and emotional abuse (see Ex. A, deposition of J. Kiernan) and filed (some, including the affidavits filed in support of plaintiff's request for restraining orders, made under oath) with a state probate court. The filings are not privileged. *See* Massachusetts General Laws chapter 209A, § 8 (specifically identifying confidential information in prevention of domestic abuse matters as limited to cases where plaintiff is a minor, and as to plaintiff's address, telephone and workplace information only). *See also Boston Herald, Inc. v. Sharpe*, 432 Mass. 593 (2000) (holding that judicial records of domestic abuse prevention act, as well as records of divorce proceedings, are presumptively open).

In addition to being non-privileged, the materials requested are relevant to the central issues in this case. The plaintiff is seeking to recover emotional distress damages as a result of the alleged sexual assault of May 2001, and AMSE is entitled to information regarding the events in her personal life at that time which may have contributed to or been a cause of any emotional disturbance that she was experiencing.

The sworn statements of the plaintiff filed with the court in support of her request for restraining orders are relevant to the issue of plaintiff's damages. AMSE is entitled to examine the plaintiff about the circumstances in her life at the time of the alleged assault, and allegations she may have made about abuse perpetrated by her husband would clearly be relevant to this inquiry[1].

To the extent the plaintiff believes the materials sought are private (despite the absence of privilege), she can seek a protective order to limit the disclosure of any sensitive information that may be included in the materials pursuant to Fed.R.Civ.P. 26(c). Indeed, the privileged counseling records that have already been produced in this matter are being treated as confidential by agreement of the parties.

## VI. CONCLUSION

For the reasons stated herein, AMSE respectfully requests that this Court issue an order compelling the plaintiff to produce the materials sought in its Second Request for Production of Documents.

ARMORED MOTOR SERVICES OF AMERICA, INC.,

By its attorneys,

_____/s/_____
Robert P. Joy
Allison K. Romantz
MORGAN, BROWN & JOY, LLP
200 State Street

---

[1] AMSE notes that plaintiff's husband, John Kiernan, has denied the alleged abuse, *see* Ex. \_\_\_, p. \_\_\_, and has alleged that plaintiff's sworn statements to the contrary constitute untruthfulness. AMSE is entitled to inquire of plaintiff whether she filed false affidavits in connection with her requests for retraining orders. In addition, John Kiernan has testified that plaintiff lied to him about her hours of work on the day of the alleged assault, failed to return home until after 11 p.m., which caused him to be angry. Plaintiff had previously come home late, and this was "a source of argument" between the couple. Upon being informed by plaintiff of the alleged rape, he ceased being angry with her. (p. 70-72, 75). AMSE seeks the plaintiff's statements from her disputes with her husband in order to examine whether plaintiff had any motive to fabricate or exaggerate the allegations made against defendant Ciambriello.

Boston, MA  02109
(617) 523-6666

## **RULE 7.1(A)(2) CERTIFICATION**

      I hereby certify that pursuant to Local Rule 7.1(A)(2), counsel for Defendant Armored Motor Services of America has conferred with counsel for Plaintiff, William McLeod, to advise that I intended to file a memorandum in support of Defendant's position that the requested documents are discoverable. Attorney McLeod has indicated that he has no objection to the filing of such a motion but that he intends to file a response to Defendant's memorandum.

                                                                                      _____/s/_____
                                                                                            Allison K. Romantz

### *CERTIFICATE OF SERVICE*

      I, Allison K. Romantz, hereby certify that I have caused the foregoing pleading to be served, by first class mail, this 3rd day of June, 2005, on counsel for the Plaintiff, William McLeod, Esq., McLeod Law Office, 77 Franklin Street, Boston, MA 02109 and on counsel for the co-Defendant, David Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703.

                                                                                     _____
                                                                                      Allison K. Romantz