UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEATHER KIERNAN

        Plaintiff,

-v-

ARMORED MOTOR SERVICE OF
AMERICA, INC.,

        Defendant.

CIVIL NO. 04-10131 RBC

### STIPULATION REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

This Stipulation is Regarding Confidentiality of Discovery Materials ("Stipulation") is entered to facilitate the production, inspection and copying of information during discovery by the parties to the above-entitled action--plaintiff, Heather Kiernan ("Kiernan") and defendants – Armored Motor Service of America, Inc. ("AMSA") and Francesco Ciambriello, ("Ciambriello), and others who are not parties ("nonparty(ies)"); and to protect confidential information of a highly private and confidential nature that may be produced or otherwise disclosed during the course of this litigation.

NOW, THEREFORE, upon consideration of the record and pursuant to Fed. R. Civ. P. 26(c),

IT IS HEREBY AGREED:

<u>1.</u>    <u>Scope</u>

This order shall be applicable to and govern all documents, things and information produced or furnished during the course of this action, including depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery, as well as pleadings, briefs, memoranda, or other materials furnished by or on behalf of any party to this action or nonparty.

2.  Definitions

(a)  "Discovery materials" means anything produced in response to discovery requests, including, but not limited to, documents, things, deposition testimony, answers to interrogatories and requests for admissions.

(b)  "Producing Party" or "Designating Party" means a party to this action or any nonparty, on behalf of which documents, things or information are furnished or produced, during the course of this litigation, in response to requests for production of documents, interrogatories, requests for admissions, depositions, or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, or other form of information produced or furnished by or on behalf of such a party or nonparty.

(c) "Receiving Party" or "non-designating party" means a party to this action, which receives documents, things or information in response to requests for production of documents, interrogatories, requests for admissions, depositions, or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or receives such information in the context of pleadings, briefs, or memoranda by a Producing Party.

(d) "Independent Outside Expert" means an expert or consultant retained for the purpose of this litigation, not a current employee of a party or of a person or entity affiliated with a party.

(e) "Confidential Information" shall mean confidential medical, psychological, psychiatric, personnel file material, tax identification information which the Producing Party, in good faith, believes comprise personal and confidential information. In addition, "Confidential Information" shall mean any tax documents designated as such by the Producing Party pursuant to Section 3 hereof.

3. Designation of Confidential Information

(a) Documents, things, and portions thereof, shall be designated as confidential by stamping or otherwise marking them with the words "Confidential." In the case of multi-page documents, each page which is designated as "Confidential" shall be appropriately stamped.

(b) Any party or nonparty may designate the deposition testimony of any witness or any portion thereof (including any exhibit) as "Confidential" by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within fourteen days after actual receipt of the transcript by counsel for the designating party. The reporter shall also be advised to limit distribution of the transcripts to outside counsel for the parties and the deponent (or his or her attorney).

4. <u>Use of Discovery Materials Designated as "Confidential."</u>

Discovery materials designated "Confidential," and the information contained therein, shall be used only in connection with the conduct of this action (including use in briefs, memoranda, correspondence and other documents relating thereto) and shall not be used for any other purpose except upon written consent of the Designating Party or upon order of the Court. This Stipulation Agreement does not apply to any Producing Party's use of its own "Confidential" materials for any purpose or the use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Furthermore, nothing in this Stipulation and Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and, in the course thereof, relying upon such attorney's knowledge of "Confidential" information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any "Confidential" information to persons not authorized under this Stipulation and Order without obtaining prior written approval from the Producing Party.

5. <u>Restrictions on the Disclosure of Discovery Materials Designated "Confidential."</u> Discovery materials designated "Confidential," and the information contained therein, shall not be disclosed to any person except:

    (a) Outside counsel for the non-designating party (including law firm personnel and document processing vendors assisting them in this litigation,

provided that, if any such personnel or vendors are not employees of the outside counsel, provided that such individuals read a copy of this Stipulation and read and execute a certificate in the form of the Agreement to Maintain Confidentiality, attached as <u>Exhibit A</u>.);

  (b) Independent Outside Experts retained by the non-designating party, provided that such individuals read a copy of this Stipulation and Order and read and execute a certificate in the form of the Agreement to Maintain Confidentiality, attached as <u>Exhibit A</u>;

  (c) Any person who is or may be a witness or deponent in this action, and counsel for such person, provided that such individuals read a copy of this Stipulation and read and execute a certificate in the form of the Agreement to Maintain Confidentiality, attached as <u>Exhibit A</u>.

  (d) Other persons only upon consent of the Producing Party or upon order of the Court, provided that such individuals read a copy of this Stipulation and read and execute a certificate in the form of the Agreement to Maintain Confidentiality, attached as <u>Exhibit A</u>.

  (e) Court personnel and court reporters; or

  (f) Administrative/clerical staff of individuals identified in categories (b)-(f) above may have access to "Confidential" information to the extent reasonably necessary for such individuals to accomplish their roles; or

  (g) Any of the Defendants' insurers.

  <u>6</u>. <u>Resolution of Challenges to Designations.</u> The parties to this action are not obliged to challenge the designation of any discovery materials as

"Confidential" at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge to the classification of the material. In the event that a Receiving Party seeks to challenge the appropriateness of any such designation, such party shall consult in good faith with the Designating Party in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the burden shall be upon the Designating Party to seek an order from the Court entitling the disputed materials to be treated as "Confidential" and thereby, preventing their to disclosure to unauthorized parties. Upon receipt of written notice from the Receiving Party of its intent to disclose the document to a person other than those authorized by Section 6, the Designating Party shall have fourteen days to serve upon the a motion seeking an order of protection for the disputed materials, identifying (with as much specificity as is practicable) the document or testimony that it contends is entitled to protection. The Designating Party shall have the burden of persuading the Court that good cause exists for the designation of materials as "Confidential." Any document or testimony incorporating confidential material as to which such application to the Court is made shall continue to be treated as "Confidential" until the Court makes a final ruling on the motion or the motion is otherwise resolved.

7. <u>Inadvertent or Unintentional Production.</u>

The inadvertent or unintentional production of discovery materials without a confidentiality designation shall not be deemed a waiver in whole or in part of a party's claim of confidential treatment under the terms of this Stipulation and

- 6 -

Order. Any document that initially is produced without bearing a confidentiality designation may later be so designated, with respect to future disclosure by the Producing Party, and the Receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those authorized in this agreement hereof and to prevent further use or disclosure of confidential information contained therein by such persons. The parties agree that any documents produced by either party as of February 28, 2005 that were otherwise designated as confidential are considered confidential for the purposes of this agreement and order.

    8.    <u>Filing of "Confidential" Materials.</u>

Any party who wishes to submit "Confidential Information" to the Court in connection with any hearing or motion, must notify the producing party 7 business days prior to such hearing or prior to filing such motion, to allow the producing party sufficient opportunity to take steps to have the hearing conducted *in camera* and the motion (or any "Confidential Information" submitted therewith) filed under seal or to enable the parties to agree to alternative arrangements consistent with the purposes of this Stipulation.

    9.    <u>Maintenance of "Confidential" Materials by the Parties.</u>  All materials designated "Confidential" shall be maintained at all times with reasonable precautions taken to ensure that access to such materials is restricted to persons entitled to have such access pursuant to this Stipulation.

10. <u>Use of "Confidential" Materials at Trial.</u> This Stipulation and Order is limited to the pretrial phase of the litigation and issues relating to confidentiality and public access to information presented at trial will be addressed separately, if necessary.

11. <u>Return or Destruction of Confidential Materials Upon Termination of This Action.</u> At the final conclusion of this action (including any appeals) and unless the Court otherwise orders, any discovery materials designated "Confidential" and any copies thereof which have been made shall be returned to the Producing Party or, in the alternative, such materials and any copies thereof shall be certified in writing to have been destroyed, and all work product reflecting an opposing party's confidential information shall be destroyed, except that outside counsel may retain one copy of any of the afore-mentioned materials to comply with any recordkeeping obligations.

12. <u>Continuing Effectiveness of This Stipulation.</u> This Stipulation shall continue to be binding after the conclusion of this action, except that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulation.

| /s/ William J. McLeod | /s/ Allison K. Romantz |
|---|---|
| William J. McLeod | Allison K. Romantz |
| McLeod Law Office | Morgan Brown & Joy LLP |
| 77 Franklin Street | 200 State Street |
| Boston, MA 02110 | Boston, MA 02109 |
| FOR PLAINTIFF | FOR DEFENDANT AMSA |
| DATED: 3-29-05 | DATED: |

- 9 -

_____
David R. Ardito
Bates Building
7 North Main Street, Suite 215A
Attleboro, MA  02703
FOR DEFENDANT CIAMBRIELLO
DATED:

STIPULATED TO BY:

## EXHIBIT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have received and read a copy of the Stipulation Regarding Confidentiality of Discovery Materials in this case and I agree to abide by its terms. I understand that materials disclosed to me and designated "Confidential" are subject to various restrictions of use and disclosure, including the restriction that they are to be used solely in connection with this litigation, and not for any business or other purpose whatsoever. I further agree to submit to the jurisdiction of the US District Court for the District of Massachusetts for the purpose of enforcing my compliance with the Stipulation Regarding Confidentiality of Discovery Materials.

DATED this ____ day of _____, 20__.

Name: _____

Address: _____

_____

Phone: _____

Sworn under the pains and penalties of perjury:

Signature: _____