# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HEATHER KIERNAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  04-10131 |
| | ) | |
| ARMORED MOTOR SERVICE OF AMERICA, INC. and FRANCESCO CIAMBRIELLO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF HEATHER KIERNAN

Pursuant to Fed. R. Civ. P. Rules 26 and 34, Plaintiff Heather Kiernan is requested to produce for inspection and copying at the offices of Morgan, Brown & Joy, LLP; One Boston Place, Suite 1616, Boston, Massachusetts, attorneys for Defendant Armored Motor Service of American, Inc. ("AMSA"), all documents within Plaintiff's possession, custody or control that are described below, within thirty (30) days.  If Plaintiff delivers legible copies of all documents described below to Morgan, Brown & Joy before such date, Plaintiff is not required to separately produce them for inspection and copying.

## INSTRUCTIONS

1.    These document requests require supplemental or amended answers to the extent required by Rule 26(e) of the Fed. R. Civ. P.  In addition, these document requests shall be deemed to be continuing requests for supplemental responses pursuant to Rule 26(e)(3) of said Rules.

2.    If any request is objected to on the ground of attorney-client privilege or on the ground of privilege for material prepared in anticipation of litigation or for trial:

(a)    Sufficient information must be provided:

    (i)    to permit the allegedly privileged information to be identified in a motion to compel production; and

    (ii)    to explain the basis for the claim of privilege in order that a court can determine its propriety.

(b)    Any allegedly privileged document must be identified by author, addressee, date, title, number of pages, subject matter, brief summary and type (e.g., letter, note or memorandum)

## DEFINITIONS

1.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    The term "document" means the original and all non-identical copies of all written, printed, typed, drawn, taped, computerized printout, recorded or other graphic material of any kind or nature, electronic or non-electronic, in the possession, custody or control of plaintiff or known by plaintiff to exist, including, without limitation, all correspondence, letters, records, reports, memoranda, notes, agreements, contracts, logs, studies, summaries, minutes, schedules, receipts, invoices, diaries, proposals, appointment calendars, computer printouts, telephone logs, telephone answering machine recordings, drafts, charts, manuals, brochures, bills, canceled checks, check registers, transcripts, affidavits, books of account, financial records, drawings, representations, photographs, videotapes, and/or e-mails. A draft or non-identical copy

is a separate document within the meaning of this term.

    3.      The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, corporate parent, subsidiaries, or affiliates.  The definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    4.      The term "person" is defined as any natural person or any business, legal, or governmental entity or associations.

    5.      The term "concerning" means referring to, describing, evidencing, or constituting.

    6.      The term "possession, custody or control" means documents within the actual possession, custody or control of any of the individuals or entities referenced in any particular request, as well as documents that are not in the actual possession, custody or control of such individuals or entities, but can be obtained by any of those individuals or entities as a matter of right.

## DOCUMENTS TO BE PRODUCED

    1.      Copies of any and all applications for restraining orders made by Heather Kiernan on behalf of herself or on behalf of Matthew Kiernan against John Kiernan.

    2.      Copies of any and all restraining orders issued against John Kiernan pertaining to contact or communication with Heather Kiernan and/or Matthew Kiernan.

    3.      Copies of any and all documents in Plaintiff's possession, control or custody relating to any petition for divorce filed by either Heather or John Kiernan.

    4.      Copies of any and all documents in Plaintiff's possession, control or custody relating to any legal proceedings relating to custody and financial support of Matthew Kiernan.

    5.      Copies of any and all documents in Plaintiff's possession, custody or control relating to any written agreement entered into by Heather Kiernan and John Kiernan relating

to custody and financial support of Matthew Kiernan.

6.    Copies of any and all applications for restraining orders against Plaintiff made of John Kiernan.

7.    Copies of any and all restraining orders issued against Plaintiff pertaining to contact or communication with John Kiernan.

Respectfully submitted,

ARMORED MOTOR SERVICES OF AMERICA,

By its attorneys,

Robert P. Joy
Allison K. Romantz
MORGAN, BROWN & JOY, LLP
One Boston Place, Suite 1616
Boston, MA 02108-4472
(617) 523-6666

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above pleading was served upon Plaintiff's counsel of record, William J. McLeod, McLeod Law Office, 77 Franklin Street, Boston, MA 02110 and Defendant Francisco Ciambriello's counsel of record, David R. Ardito, 228 County Road, Attleboro, MA  02703, by first class mail, postage prepaid on this 1st day of  December, 2004.

Allison Romantz