UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEATHER KIERNAN,

    Plaintiff,

-v-                                    CIVIL NO. 04-10131-RBC

ARMORED MOTOR SERVICE
OF AMERICA, INC.
And FRANCESCO CIABRIELLO,

    Defendants.

## PLAINTIFF HEATHER KIERNAN'S RESPONSES AND/OR OBJECTIONS TO THE SECOND REQUEST FOR PRODUCTION OF DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.

Pursuant to Fed.R.Civ.P. 34, the Plaintiff in the above captioned matter, hereby responds and/or objects to the Second Request for Production served by the Defendant Armored Motor Service of America, Inc. (hereinafter referred to as AMSA).

### GENERAL OBJECTIONS TO INSTRUCTIONS

1.    The Plaintiff objects to each and every instruction and definition in so far as it imposes obligations on her which exceeds those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts (collectively referred to herein as the "rules"), as well as other governing precedent.

2. The Plaintiff objects to each instruction in so far as it seeks the production of documents which are protected by the attorney client privilege, or are considered work product.

3. The Plaintiff objects to each request in so far that it seeks the production of documents that have already been disclosed pursuant to formal or informal discovery requests. Producing those documents again serves no legitimate purpose other than to intimidate, harass or oppress this Plaintiff, or having that effect thereon. Plaintiff will identify responsive documents, but will not expend the resources to produce those that have already been produced.

4. Each of these objections are incorporated into the Specific Objections noted below, by reference.

## SPECIFIC RESPONSES AND/OR OBJECTIONS

REQUEST NO. 1: Copies of any and all applications for restraining orders made by Heather Kiernan on behalf of herself or on behalf of Matthew Kiernan against John Kiernan.

OBJECTION: Without waiving any of the General Objections stated above and incorporated herein, the foregoing request for production is objected to on the grounds that it seeks documents that: (1) are not relevant to the instant litigation; (2) are not likely to lead to the discovery of relevant or admissible litigation; (3) are requested for the sole purpose of harassing, intimidating or oppressing this Plaintiff or having that effect thereon.

REQUEST NO. 2: Copies of any and all restraining orders issued against John Kiernan pertaining to contact or communication with Heather Kiernan and/or Matthew Kiernan.

OBJECTION: Without waiving any of the General Objections stated above and incorporated herein, the foregoing request for production is objected to on the grounds that it seeks documents that: (1) are not relevant to the instant litigation; (2) are not likely to lead to the discovery of relevant or admissible litigation; (3) are requested for the sole purpose of harassing, intimidating or oppressing this Plaintiff or having that effect thereon.

REQUEST NO. 3: Copies of any and all documents in Plaintiff's possession, control or custody relating to any petition for divorce filed by either Heather or John Kiernan.

OBJECTION: Without waiving any of the General Objections stated above and incorporated herein, the foregoing request for production is objected to on the grounds that it seeks documents that: (1) are not relevant to the instant litigation; (2) are not likely to lead to the discovery of relevant or admissible litigation; (3) are requested for the sole purpose of harassing, intimidating or oppressing this Plaintiff or having that effect thereon.

REQUEST NO. 4: Copies of any and all documents in Plaintiff's possession, control or custody relating to any legal proceedings relating to custody and financial support of Matthew Kiernan.

OBJECTION: Without waiving any of the General Objections stated above and incorporated herein, the foregoing request for production is objected to on the grounds that it seeks documents that: (1) are not relevant to the instant litigation; (2) are not likely to lead to the discovery of relevant or admissible litigation; (3) are requested for the sole purpose of harassing, intimidating or oppressing this

Plaintiff or having that effect thereon. The foregoing request is also specifically objected to on the grounds that it seeks documents from Plaintiff's counsel (at the time of the proceedings) and/or any other counsel that may have provided assistance, advice or counsel but who did not appear on her behalf, and thus, seeks documents which are protected by the attorney-client privilege.

REQUEST NO. 5: Copies of any and all documents in Plaintiff's possession, custody or control relating to any written agreement enter into Heather Kiernan and John Kiernan relating to custody and financial support of Matthew Kiernan.

OBJECTION: Without waiving any of the General Objections stated above and incorporated herein, the foregoing request for production is objected to on the grounds that it seeks documents that: (1) are not relevant to the instant litigation; (2) are not likely to lead to the discovery of relevant or admissible litigation; (3) are requested for the sole purpose of harassing, intimidating or oppressing this Plaintiff or having that effect thereon. The foregoing request is also specifically objected to on the grounds that it seeks documents from Plaintiff's counsel (at the time of the proceedings) and/or any other counsel that may have provided assistance, advice or counsel but who did not appear on her behalf, and thus, seeks documents which are protected by the attorney-client privilege.

REQUEST NO. 6: Copies of any and all applications for restraining orders against Plaintiff made of John Kiernan.

OBJECTION: Without waiving any of the General Objections stated above and incorporated herein, the foregoing request for production is objected to on the

grounds that it seeks documents that: (1) are not relevant to the instant litigation; (2) are not likely to lead to the discovery of relevant or admissible litigation; (3) are requested for the sole purpose of harassing, intimidating or oppressing this Plaintiff or having that effect thereon.

REQUEST NO. 7: Copies of any and all restraining orders issued against Plaintiff pertaining to contact or communication with John Kiernan.

OBJECTION: Without waiving any of the General Objections stated above and incorporated herein, the foregoing request for production is objected to on the grounds that it seeks documents that: (1) are not relevant to the instant litigation; (2) are not likely to lead to the discovery of relevant or admissible litigation; (3) are requested for the sole purpose of harassing, intimidating or oppressing this Plaintiff or having that effect thereon.

                              THE PLAINTIFF,
                              Heather Kiernan

                              By her attorney:

DATED:   April 18, 2005

                              William J. McLeod, BBO 560572
                              McLeod Law Offices, P.C.
                              77 Franklin Street
                              Boston, MA  02110
                              (617) 542-2956/phone
                              (617) 695-2778/fax
                              wjm@mcleodlawoffices.com

## Certificate of Service

I hereby certify that a true copy of this document, with any and all documents attached hereto and served herewith, was served on all counsel of record, by mailing a copy mail on April 18, 2005, to:

Allison K. Romantz
Morgan Brown & Joy LLP
200 State Street
Boston, MA  02108

David R. Ardito
228 County Road
Attleboro, MA  02703

_____
William J. McLeod