UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

HEATHER KIERNAN,

    Plaintiff,

-v-                                  CIVIL ACTION NO. 04-10131 RBC

ARMORED MOTOR SERVICE OF
AMERICA, INC. and
FRANCESCO CIAMBRIELLO,

    Defendants.

_____

**PLAINTIFF HEATHER KIERNAN'S OPPOSITION TO THE**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**OF DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.**

    Plaintiff hereby opposes the Motion to Compel Production of Documents filed by the Defendant Armored Motor Service of America, Inc.

### Introduction

    Plaintiff's civil rights claims stem from her being raped by her supervisor during the course of her employment. The facts alleged in the complaint include not only the rape, but missing videotaped evidence that Plaintiff believes would have lead to the conviction of the Defendant Francesco Ciambriello in a criminal matter.

    Despite a plea of guilty on a lesser charge of assault, AMSA is contesting liability. Moreover, despite a plea of guilty on a lesser charge of assault, Ciambriello is claiming that nothing happened on May 19, 2001, the day of the attack.

1

Defendant AMSA seeks information related to the marital problems that exist between the Plaintiff and her husband, namely affidavits in support of restraining orders in unrelated domestic relation matters. Defendant AMSA seeks this information because it believes that it is germane to the issue of emotional distress. The request is not limited to the issue of emotional distress as it is clear that AMSA intends to use them to support its challenge to liability ("…the materials requested are relevant to the central issues in this case."). Defendant's Motion, page 3, last paragraph, first sentence; see also, Footnote no. 1.

Plaintiff provided the documents to the Court for an *in camera* review, and Defendant AMSA filed its motion presumably to assist the Court in making its review in a context favorable to AMSA. This opposition follows.

**<u>Argument</u>**

It cannot be underemphasized that despite the clear and convincing evidence to the contrary, <u>both</u> Defendants are contesting liability, and indeed, dispute all of the Plaintiff's claims. In essence, the Plaintiff – who is attempting to use this civil process to learn how her attacker could walk free because of evidence that is missing under suspicious circumstances – is being victimized all over again.

The Defendant Ciambriello never testified at his criminal trial. At his deposition in this case, he claimed that (1) Plaintiff initiated the contact; (2) Plaintiff continuously complained about her husband; and (3) that the only thing he did with the Plaintiff on the day in question was "hug" and "kiss" her. See

2

Ciambriello Deposition, pp. 68, 71, Exhibit A.  Ciambriello also claims that if Plaintiff had said "I do not want to go in [to the room where the rape occurred]", he would have respected her wishes, and not taken her in there.  He also admitted that to do so, contrary to that statement, would be inappropriate.  Id., 108 and 137.

Despite this self-serving testimony, there were no such statements made by him to the arresting officer.  See Arrest Report, Exhibit B.  There were no questions posed to the Plaintiff about her marriage problems.  There was no evidence that contradicted the testimony of the arresting officer who was permitted to testify that he heard a female voice on the tape say "I do not want to go in there."

At the criminal trial, John Kiernan testified.  At no time was he questioned about the marital issues existing between him and the Plaintiff.  See pertinent portions of Trial Transcript, Exhibit C.

Plaintiff contends that had the videotaped evidence not been lost, her rapist would be sitting in a prison cell.  Discovery on the issue of spoliation has revealed the following:

1. Attleboro police seized three tapes shortly after the attack in May 2001.

2. Attleboro police seized an additional three tapes in August 2001, but were told by AMSA that s subpoena would be required.  Attleboro police obtained a subpoena, and upon seizure, were

3

      presented with a receipt that was prepared by AMSA and signed by Attleboro Police Detective John Otrando. See Receipt, Exhibit D.[1]

3. Shortly thereafter, an attempt was made to view the tapes on a standard VCR. The tapes were in such a format that special equipment, not available to the District Attorney's office was required.

4. Former Bristol County Assistant District Attorney Chris Abreu (who had limited involvement with the case) testified that he went to AMSA with Defendant Ciambriello's then and current counsel, David Ardito, to view the tapes.[2]

5. Abreu took notes and testified that he heard a female voice on the tape say "I am not going in there." See Exhibit E.

6. He believes – but is not sure – if he took the tapes with him when he left.

7. In an email dated June 9, 2002, Abreu was asked about the missing tapes. In response, he said "I …know that [AMSA] <u>still has tapes of the incident</u>." See Exhibit F [emphasis added].

8. There is at least one more deposition scheduled on the issue of spoliation.[3]

---

[1] Sgt. Otrando's deposition took place on May 24. The transcript is not available as of this submission.

[2] Mr. Abreu's deposition took place on Thursday, June 2. His transcript is not available as of this submission.

[3] It is not yet known whether the deposition of Mr. Ardito will be necessary. If it is, then there will be at least two more depositions on the issue of spoliation.

4

As plead with particularity in the complaint, this case is based on Plaintiff's desire to remedy an injustice resulting from this spoliation, namely the fact that not only was she made to feel that she could not be believed, but that evidence confirming her lack of consent simply vanished.

If the factual issues presented by these documents AMSA found their way into the criminal matter as a means of contesting Ciambriello's guilt, then arguably AMSA's inquiries into Plaintiff's tempestuous marriage might be justified.[4]  However, they were not made relevant in the criminal matter, and they serve no legitimate purpose in this civil matter.  The information is neither relevant to the claims, nor particularly illuminating on the issue of damages.  AMSA's attempt to intimidate this Plaintiff because she has not abandoned her quest for the truth cannot be sanctioned by the Court.

## Conclusion

For all of the foregoing reasons, the Plaintiff respectfully requests that the Defendant's Motion to Compel be denied.

> THE PLAINTIFF,
> Heather Kiernan

DATED:     June 6, 2005

> /s/ William J. McLeod
> William J. McLeod, BBO 560572
> McLeod Law Offices, PC
> 77 Franklin Street
> Boston, MA  02110
> 617-542-2956/phone
> 617-695-2778/fax

---

[4] Plaintiff does not dispute AMSA's right to ask Plaintiff questions about her marriage at deposition.  The dispute herein goes only to the issue of the document requests.

5