UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER KIERNAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARMORED MOTOR SERVICE OF AMERICA, )<br>INC. and FRANCESCO CIAMBRIELLO )<br>)<br>Defendants. )<br>) | C.A. No.  10131 |

**DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.'S
MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF
<u>DEPOSING DELKEN DRY CLEANERS</u>**

Pursuant to Rule 7.1 of the Local Rules for the United States District Court for the District of Massachusetts, Defendant Armored Motor Services of America ("AMSA") hereby moves to reopen discovery for the limited purpose of deposing Delken Dry Cleaners based on the following:

1. Discovery in this matter closed on September 2, 2005 with the date for initiating any discovery being May 24, 2005.

2. Plaintiff's deposition was taken on June 17, 2005.  During her deposition, Plaintiff was asked about her employment history prior to her hire at AMSA. In response to that inquiry, Plaintiff identified a number of jobs that she has held, including a position at a dry cleaning and laundromat establishment immediately preceding her employment at AMSA.  Plaintiff was asked whether she left that position voluntarily to which she responded in the

      affirmative. Plaintiff was also asked during her deposition whether she had ever been arrested or convicted of a crime. She responded to both of those questions in the negative as well.

3. During the deposition of Plaintiff's former husband, John Kiernan, it was discovered that Plaintiff and her husband had each sought on at least two occasions respectively, restraining orders against the other over the course of their short and turbulent marriage.

4. Defendant AMSA requested that Plaintiff produce each of the applications for restraining orders as well as whatever supporting affidavits or other supporting documentation that she had filed against her former husband during their marriage as well as those that he had filed against her.

5. Plaintiff objected to produce of the applications for restraining orders and the supporting documents, thereby forcing AMSA to file a motion to compel with the Court.

6. On August 15, 2005, the Court granted AMSA's motion to compel and ordered Plaintiff to produce copies of each restraining order and any supporting documentation to Defendants.

7. In compliance with the Court's Order, Plaintiff produced those documents on or around the beginning of September, 2005.

8. After producing those documents, AMSA reopened the deposition of John Kiernan to question him regarding the statements that he had made in his affidavits supporting his application for restraining orders against Plaintiff.

9. Because discovery had already closed by the time the restraining orders and

supporting applications were produced, the re-opening of John Kiernan's deposition did not occur October 3, 2005, after discovery had already closed.

10. At Mr. Kiernan's deposition, he testified that it was his understanding that Plaintiff had been terminated from her employment at the dry cleaner because she had been caught stealing from her employer. He also identified the name of the dry cleaner. Mr. Kiernan also testified that it was his understanding that Plaintiff was arrested by the police and charged with grand larceny.

11. Because this testimony by Mr. Kiernan directly contradicts testimony that Plaintiff gave under oath at their deposition in this case, AMSA would like to issue a subpoena duces tecum seeking any employment records that Delken Dry Cleaners has for Heather Kiernan as well as to take a 30(b)(6) deposition of Delken Dry Cleaners to determine whether the Plaintiff has testified untruthfully in this matter. Without being able to subpoena Delken Dry Cleaners, AMSA will be unable to determine whether Plaintiff was terminated from that position and whether Plaintiff was arrested and charged with a theft crime for activities that she engaged in while employed at that establishment.

12. Defendant AMSA had no reason to subpoena Delken Dry Cleaners for a deposition in this matter until the September 2001 affidavit supporting Mr. Kiernan's request for a restraining order against Plaintiff was produced and Mr. Kiernan testified at his deposition on October 7, 2005.

13. Plaintiff's credibility is a major issue in this case given that her claim in this matter involves an allegation of a sexual assault where the individual who is alleged to have assaulted her vehemently denies that there was any

3

unconsented to sexual touching and there are no witnesses to the alleged sexual assault.

14. Plaintiff has been contacted and indicated that she does not consent to this Motion.

For the reasons set forth above, Defendant AMSA respectfully requests that the Court grant its motion to reopen discovery for the limited purpose of issuing a subpoena duces tecum and Notice of a 30(b)(6) deposition to Delken Dry Cleaners.

                              Respectfully submitted

                              ARMORED MOTOR SERVICES OF AMERICA, INC.,

                              By its attorneys,

                              MORGAN, BROWN & JOY
                              200 State Street
                              Boston, Massachusetts 02108
                              (617) 523-6666

                              /s/ Allison Romantz
                              Allison Romantz (BBO# 554909)

Dated: November 11, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail, postage prepaid on this 11th day of November to Plaintiff's counsel of record, William J. McLeod, Esq., McLeod Law Offices, 77 Franklin Street, Boston, Massachusetts 02110 and to Defendant Francisco Ciambriello's counsel of record, David R. Ardito, Esq., Bates Building, 7 North Main Street, Suite 215A, Attleboro, MA 02703.

                              _____

                              Allison K. Romantz