UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HEATHER KIERNAN<br><br>Plaintiff,<br><br>v.<br><br>ARMORED MOTOR SERVICE OF AMERICA, INC. and FRANCESCO CIAMBRIELLO<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 10131 |

**DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.'S RESPONSE TO COURT REGARDING ITS MOTION TO REOPEN DISCOVERY FOR PURPOSE OF DEPOSING DELKEN DRY CLEANERS**

On November 28, 2005, the Court ordered Defendant Armored Motor Services of America ("AMSA") to file a reply memorandum to Plaintiff's Opposition stating whether it still wishes to depose Delken Dry Cleaners and if so, what information it seeks to gain from the deposition over and above what Plaintiff admitted in her continued deposition. Defendant hereby states that it does still seek to subpoena Plaintiff's employment records and/or depose a representative from Delken Dry Cleaners and in addition, it seeks permission to also serve a subpoena duces tecum on the Attleboro Police Department for its investigative file related to the December 2000 criminal charges brought against Plaintiff. AMSA makes this request for the following reason:

1. Plaintiff has now admitted that she lied under oath at her deposition on June 17, 2005 about her employment at Delken Dry Cleaners and about her criminal

record. Importantly, however, for purposes of this motion, she did not admit to her deceitfulness until **after** AMSA learned about the facts of her termination from Delken Dry Cleaners and her arrest for grand larceny from another source.

2. At her continued deposition in November when she admitted that she had lied under oath at her earlier deposition, she acknowledged that she was accused of and charged with stealing over $1,200 from Delken Dry Cleaning. However, she denied that she had ever improperly and unlawfully taken money from Delken.

3. In her Opposition to AMSA's Motion to Reopen Discovery, Plaintiff stated that she has continually professed her innocence to the criminal charges related to the Delken theft brought against her notwithstanding the fact that she admitted to sufficient facts of the larceny in response to the criminal charges.

4. Contrary to Plaintiff's claim that she has always professed her innocence to these charges of larceny, Plaintiff's estranged husband, who was the source of information about Delken initially, has testified that it is his understanding that Plaintiff signed a confession with the police admitting to the theft.

5. Given that this is a case which pits the Plaintiff's credibility on the one hand against Defendant Ciambriello's credibility on the other, AMSA believes that determining whether Plaintiff continues to lie under oath is highly relevant to its defense of this matter.

6. Based on the testimony of John Kiernan and the fact that Plaintiff admitted to sufficient facts, AMSA has reason to believe that Plaintiff did provide a written confession of her involvement in the Delken theft,

7. A pattern has emerged in this case of Plaintiff lying about certain facts

until the truth is discovered from another source. Defendant AMSA is entitled to discovery to determine whether Plaintiff is continuing to be dishonest as there is no question that continued dishonesty in the matter of her employment at Delken would even further impair her credibility.

For the reasons set forth above, Defendant AMSA respectfully requests that the Court grant its motion to reopen discovery for the purpose of issuing a subpoena duces tecum and Notice of a 30(b)(6) deposition to Delken Dry Cleaners as well as a subpoena duces tecum to the Attleboro police for its investigative records.

        Respectfully submitted,

        ARMORED MOTOR SERVICES OF
        AMERICA, INC.,

        By its attorneys,

        MORGAN, BROWN & JOY
        200 State Street
        Boston, Massachusetts 02108
        (617) 523-6666

        /s/ Allison Romantz
        Allison Romantz (BBO# 554909)

Dated: December 6, 2005

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served by ECF on Plaintiff's counsel of record, William J. McLeod, Esq., McLeod Law Offices, 77 Franklin Street, Boston, Massachusetts 02110 and to Defendant Francisco Ciambriello's counsel of record, David R. Ardito, Esq., Bates Building, 7 North Main Street, Suite 215A, Attleboro, MA 02703.

                                            /s/ AllisonRomantz
                                            Allison K. Romantz