UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

HEATHER KIERNAN,

       Plaintiff,

-v-                                                            CIVIL NO.  04-10131 RBC

ARMORED MOTOR SERVICE OF
AMERICA, INC., ET AL.

       Defendant.

_____

**PLAINTIFF'S MOTION TO RECONVENE THE DEPOSITION OF
DEFENDANT FRANCESCO CIAMBRIELLO
<u>AND FOR FURTHER DISCLOSURE ORDERS</u>**

      The Plaintiff, HEATHER KIERNAN, by and through her counsel, hereby moves for an order to reconvene the deposition of Francesco Ciambriello and for further orders regarding disclosures of his personal finances and spending. [1]

      As grounds in support, the undersigned respectfully represents:

1.      Defendant Ciambriello plead guilty to assault and battery of the Plaintiff stemming from a sexual assault that occurred on May 19, 2001, the subject of which gives rise to this complaint.

2.      Both Defendants contest liability in this sexual harassment case, and both maintain that nothing happened on May 19, 2001. Specifically, Ciambriello claims that all sexual activity that took

---

[1] This motion assumes that liability will be still an issue at trial.  Plaintiff intends to file a Motion for Summary Judgment or in the Alternative, Motion in Limine on the issue of liability against both Defendants.  If the motion is granted, and liability is established, there will be no reason for Ciambriello to testify (at least on the issue of liability), and thus this issue will be moot.  Plaintiff does not object to deferring a ruling on this motion pending the disposition of her Motion for Summary Judgment.

        place on May 19, 2001 that was consensual.

3. Upon information and belief, Ciambriello plans to testify at trial as to why he plead guilty in the underlying criminal case. Upon information and belief, Ciambriello will testify that (1) he could not afford a second trial; and (2) he was advised to do so by counsel.

4. Plaintiff seeks to depose Ciambriello on this limited issue, and further, seeks disclosures concerning Mr. Ciambriello's financial condition from May 19, 2001. This is based on the following:

    a. Plaintiff is aware that during this time period Mr. Ciambriello owned a home;

    b. Plaintiff is aware that during this time period Mr. Ciambriello also owned motor vehicles during the relevant time period; and

    c. Plaintiff is aware that during this time period Mr. Ciambriello was injured while working, suffered massive injuries to his leg, and upon information and belief, obtained monies in furtherance of a claim for personal injuries (through a workers compensation claim, a third party action, or both).

5. Plaintiff also seeks:

    a. Information concerning any and all home equity loans and mortgages on Ciambriello's property;

    b. Bank statements from June 2001 to November 2003 (the month the plea was entered);

    c. And all billing records and payments to his criminal counsel for

      representation in the criminal matter; and

    d. Any and all documents that show Ciambriello's assets and liabilities during the relevant time period.

6. Fed.R.Civ.P. 26(a)(1) requires Ciambriello to disclose documents that he <u>may</u> use to support his defenses in this case. [emphasis added]. However, Ciambriello's Rule 26 Disclosures contain no reference to any financial documents, and in particular, both disclosures describe the documents he intends to use in his defense of this civil matter are those documents "that [were] <u>used</u> in the criminal trial…". See Ciambriello Disclosures, Exhibits A and B. Accordingly, there is nothing to suggest that Ciambriello's defense strategy will deviate in any manner from the underlying criminal matter.

7. In attempting to obtain consent to reopen the deposition, AMSA advised Plaintiff that counsel could have made such inquiry at the deposition, and was not stopped from making inquiry. The position is untenable because Ciambriello's finances have absolutely no relevance to the allegations and defenses asserted in this case. Plaintiff's counsel reasonably believes that making such inquiry, without any reasonable basis and in areas that have no relevance based on the defenses and documents disclosed amounts to a violation of Mass.R.Prof.Con. 3.4.[2]

---

[2] In pertinent part, the rule reads: "A lawyer shall not:….(d) in pretrial procedure, make a frivolous discovery request ….". MassR.Prof.Con. 3.4(b).

3

8. Without this information, Plaintiff will have nothing to crossexamine Ciambriello on this important issue. Based on the information Plaintiff has already obtained, she believes that Ciambriello's position on affordability of a second trial is weak. However, without more complete information, the jury will be unable to fully evaluate whether Ciambriello truly was unable to afford a second trial, or merely took a plea deal to avoid going to prison.

9. This area of inquiry will not prolong this matter since the deposition will likely take less than one hour, and Ciambriello presumably has all documents on hand or they are within his and/or his counsel's custody and control.

10. **Rule 7.1(A)(2) Certification**: Plaintiff conferred by email with AMSA's counsel regarding the filing of this motion, and despite good faith efforts, was unable to resolve the issues raised in this motion. Ciambriello's counsel did not respond to the request to confer, however, based on AMSA's expressed opposition, this motion follows.

WHEREFORE, for all of the foregoing reasons, the Plaintiff respectfully requests that this motion be GRANTED and that the Court ORDER:

1. That Francesco Ciambriello turn over all documents concerning assets and liabilities, income and expenses, from May 19, 2001 through November 30, 2003;

2. That Francesco Ciambriello and his criminal defense counsel turn over all billing records and payment records for representation in the criminal matter;

3. That his deposition be reconvened within 10 days thereafter such disclosure; and

4. Any additional relief that the Court deems equitable, just and proper.

                                  Respectfully submitted:
                                  HEATHER KIERNAN

DATED: December 16, 2005

                                  By: /s/ William J. McLeod
                                  William J. McLeod, BBO No. 560572
                                  McLEOD LAW OFFICES, PC
                                  77 Franklin Street
                                  Boston, MA 02110
                                  (617) 542-2956/phone
                                  (617) 695-2778/fax

Certificate of service

In accordance with the rules of this Court, I hereby certify today, December 16, 2005, that I caused a true copy of this document with the attachments to be served on all parties listed below, who are participants in the Court's ECF program:

    David Ardito, counsel for Ciambriello
    Allison Romantz, counsel for AMSA

                                    /s/ William J. McLeod
                                    William J. McLeod