UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER KIERNAN,<br><br>Plaintiff,<br><br>V<br><br>ARMORED MOTOR SERVICES OF AMERICA, INC. and FRANCISCO CIAMBRIELLO,.<br><br>Defendants. | Civil Action No: 10131 _RBC_ |

### DEFENDANT FRANCESCO CIAMBRIELLO'S
### CORRECTED OPPOSITION TO PLAINTIFF'S MOTION TO RECONVENE
### DEPOSITION

Defendant, Francesco Ciambriello ("Mr. Ciambriello"), by and through his counsel, hereby submits his opposition to Plaintiff, Heather Kiernan's ("Ms. Kiernan:) motion to reconvene the deposition of Francesco Ciambriello; and her request for additional documents from Defendant, Mr. Ciambriello. In support of his opposition, Mr. Ciambriello respectfully states as follows:

1. In her Complaint, the Plaintiff alleges that she was sexually assaulted by Mr. Ciambriello on May 19, 2001 while at work at Armored Motor Services of America's ("AMSA"), Attleboro, Massachusetts facility.

2. As a result of her allegation of sexual assault, Mr. Ciambriello was indicted by the Commonwealth of Massachusetts and charged with rape and indecent assault and battery. A trial on these criminal charges was held on November 19 and 20, 2003. The jury case acquitted Mr. Ciambriello on the rape charge but could not reach a decision on the charge of indecent assault and battery.

3. After the jury was dismissed, the Commonwealth and Mr. Ciambriello reached an agreement to resolve the remaining charge without need for a further trial by Mr. Ciambriello agreeing to plead guilty to the misdemeanor of simple assault and battery.

4. After the criminal matter against Mr. Ciambriello had concluded, Ms. Kiernan filed a civil Complaint against both AMSA and Mr. Ciambriello, seeking money damages against both defendants. At the time that she filed the Complaint, Ms. Kiernan was well aware that Mr. Ciambriello had pled guilty to simple assault and battery in the criminal case.

5. Plaintiff'S counsel chose not to serve Mr. Ciambriello with a Request for Production of Documents during the discovery period. He did, however, take Mr. Ciambriello's deposition on April 7, 2005. Notwithstanding the fact that at the time of this deposition Plaintiff was aware that: 1) Mr. Ciambriello was claiming that any physical contact between Plaintiff and himself was welcome; and 2) that Mr. Ciambriello had pled guilty to simple assault and battery in the criminal case, Plaintiff's attorney chose not to question Mr. Ciambriello at his deposition as to why he had pled guilty to simple assault and battery if he was asserting that any physical contact between himself and Plaintiff had been consensual. Similarly, notwithstanding the fact that Plaintiff was seeking money damages from Mr. Ciambriello individually, Plaintiff's counsel also chose not to explore any aspect of Mr. Ciambriello's personal finances at the deposition.

6. Plaintiff's counsel has been advised by AMSA's counsel that pursuant to *Aetna Casualty v. Niziolek, 395 Mass 737 (1985)*, AMSA intends to argue that Mr. Ciambriello's guilty plea should **not** be considered as an admission against interest as a matter of law at the trial of this

matter. Mr. Ciambriello intends to also rely on Aetna Casualty and intends to testify that his decision to lead guilty to simple assault and battery was wholly unrelated to any admission that he had engaged in simple assault and battery against Plaintiff. Within one week after advising Plaintiff's counsel of this case and its relevance to this matter, Plaintiff filed the instant motion seeking to reconvene Mr. Ciambriello's deposition and to require Mr. Ciambriello to produce certain documents related to his personal finances.

In *Aetna Casualty*, the Massachusetts Supreme Judicial Court specifically addressed the issue of whether a conviction in a criminal trial has a preclusive effect in subsequent civil litigation. The Supreme Judicial Court distinguished a conviction reached through a jury verdict with a conviction which resulted from a guilty plea. In brief, the Court ruled that while a *"plea of guilty is admissible in evidence as an admission in subsequent civil litigation, it is not conclusive."* (Emphasis supplied). The Court went on to state that *"while the judge taking the plea must satisfy himself that there is a factual basis for a charge, he need not find that the defendant actually committed the crime to which he is pleading guilty."* In *Aetna Casualty*, the defendant whom had pled guilty at the criminal trial testified at the civil trial that he had pled guilty only because his attorney had negotiated a favorable plea bargain. The jury in the civil suit accepted that explanation and found the defendant not liable in the subsequent civil trial notwithstanding his guilty plea.

7. Plaintiff should not be permitted to reopen Mr. Ciambriello's deposition simply because her counsel failed to pursue a line of questioning with Mr. Ciambriello at the deposition that he now wishes he had pursued. Nor should Plaintiff be able to obtain documents from Mr. Ciambriello now that she failed to seek through a written discovery request during the lengthy

discovery period. It is undisputed that Plaintiff's counsel knew at the time of the deposition that Mr. Ciambriello pled guilty to simple assault and battery in the criminal matter and it is also undisputed that he knew that Mr. Ciambriello was asserting that the contact between himself and the Plaintiff was consensual. His failure to question Mr Ciambriello on the inconsistency of his plea in the criminal case with his defense in the civil case and/or his ignorance as to governing case law regarding whether that guilty plea is deemed to be an admission against interest as a matter of law does not give him a legitimate reason to re-open Mr. Ciambriello's deposition. Similarly Plaintiff should not be permitted to rectify her counsel's failure to request certain documents from Mr. Ciambriello during the discovery period through a document request because she now wants to see whether she can find documents to rebut Mr. Ciambriello's anticipated testimony at trial.

8. Plaintiff's claim that she did not inquire into Mr. Ciambriello's finances at his deposition or through a document request because she thought they had no relevance to the case is preposterous. From the outset, Plaintiff has been seeking monetary damages from Mr. Ciambriello individually. Plaintiff never made any attempt to bifurcate discovery on liability from discovery on damages and there was no agreement by the parties or order from the Court to bifurcate discovery in that way. Thus, Plaintiff was not precluded in any way from seeking discovery either through document requests, interrogatories or an inquiry at Plaintiff's deposition as to Mr. Ciambriello's personal finances.

## CONCLUSION

What Plaintiff is seeking is a second chance to obtain information well after the close of discovery. Counsel, in many cases after a deposition, think about questions that they should have

asked and areas of inquiry that they should have embarked on. However, Plaintiff's chance to explore those areas was during the discovery period and at Mr. Ciambriello's deposition. Without some showing that AMSA or Mr. Ciambriello failed to disclose information or documents that they were obligated to disclose (which has not occurred here), Plaintiff's request to reopen discovery, even if for a limited purpose, should be denied.

Dated: January 10, 2006

Respectfully submitted,
**FRANCESCO CIAMBRIELLO,**
By and through his attorney,

_____
David R. Ardito, Esquire
Bates Building, Suite # 215-A
7 North Main Street
Attleboro, Massachusetts 02703
Phone: 1-508-431-2222
Facsimile: 1-508-431-2211
BBO#: 630025

### Certificate of Service

I, David R. Ardito, hereby certify that I have served a copy of the foregoing to interested parties by mailing first-class, postage pre-paid on this 20th day of January 2006 as follows:

_____

William McLeod, Esq.
McLeod Law Office
77 Franklin Street
Boston, MA 02109

Allison Romantz, Esq.
Morgan Brown and Joy, Llp
200 State Street
Boston, MA 02109