# TAB 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER KIERNAN,<br><br>     **Plaintiff,**<br><br><br>                    **v.**<br><br>**ARMORED MOTOR SERVICES OF AMERICA, INC.  and FRANCISCO CIAMBRIELLO,**<br><br>     **Defendants.** | **Civil Action No. 10131** |

## DECLARATION OF JASON KHOURY IN SUPPORT OF DEFENDANT ARMORED MOTOR SERVICES OF AMERICA, INC.'S <u>MOTION FOR SUMMARY JUDGMENT</u>

JASON KHOURY, declares pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

1.    In Spring, 2001, I was employed as the branch manager for Armored Motor Services of America's ("AMSA")Attleboro, Massachusetts vault and cash collection/distribution facility.

2.    In May, 2001, Francesco Ciambriello was employed as a part time vault supervisor at AMSA's Attleboro, Massachusetts facility.

3.    Mr. Ciambriello was a non-exempt, hourly employee, earning $11.50 per hour at the time of his termination of employment.

4.    Mr. Ciambriello was not responsible for making up the work schedule for any employees.

5.    Mr. Ciambriello did not evaluate the performance of employees.

6.    Mr. Ciambriello did not have the authority to make hiring or firing decisions, or make decisions regarding promotion or discipline. If an incident with an employee occurred on a weekend while he was working, Mr. Ciambriello would bring that matter to my attention and I would make the decision as to whether any discipline was warranted.

7.    As a date entry clerk, Heather Kiernan had only one duty which was to enter the data from the truck deliveries into AMSA's computer system. Thus, Mr. Ciambriello would not assign any duties to Ms. Kiernan or direct her work since she only had one thing to do. Mr. Ciambriello was not responsible for reviewing her work to make sure it was accurate.

8.    Heather Kiernan never reported to any manager at AMSA's Attleboro facility that Mr. Ciambriello had engaged in any inappropriate conduct with her.

9.    After it came to my attention that an individual who shared an office with Ms. Kiernan had had some conversations of a sexual nature in the office, I reached out to Ms. Kiernan to find out whether that was accurate and if so, whether she was offended. Ms. Kiernan did confirm that the individual did, on occasion, speak of sexual matters. However, Ms. Kiernan indicated that it did not bother her enough to warrant her reporting it to management.

2

3

10.    The alarm system that was activated by pushing one of the hold up buttons

that was located in the facility was never activated on May 19, 2001.


Signed under the pains and penalties of perjury this ___3___ day of February,

2006.

Jason Khoury