# Exhibit G

BRISTOL, SS SUPERIOR COURT
FILED
JUL 31 2003
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS
Trial Court Department
Criminal Session

| | | |
|---|---|---|
| COMMONWEALTH | ) | NEW BEDFORD DIVISION |
| | ) | |
| V. | ) | Docket No: BRCR2002-0773 (1-2) |
| | ) | |
| FRANCESCO CIAMBRIELLO | ) | |

## MOTION TO DISMISS

Now comes David R. Ardito, counsel for the Defendant, who moves this Honorable Court to Dismiss the above-captioned matter for the reasons set forth in the attached Affidavit. Kindly mark this motion up for hearing on *August 11, 2003.*

Dated: July 30, 2003

Respectfully submitted,
David R. Ardito,

David R. Ardito, Esq.
Bisio & Dupont Building
228 County Street
Attleboro, MA 02703-3534
(508) 431-2222
BBO# 630025

### Certificate of Service

I, David R. Ardito, hereby certify that I have served a copy of the foregoing Motion to Dismiss upon the Assistant District Attorney handling the matter, by hand-delivering to Jeanne Veenstra at 888 Purchase Street, New Bedford, Massachusetts 02740 on this 31st day of July 2003.

**COMMONWEALTH OF MASSACHUSETTS**
**Trial Court Department**
**Criminal Session**

BRISTOL, ss.                                                NEW BEDFORD DIVISION

| | |
|---|---|
| COMMONWEALTH      ) | |
| ) | DOCKET NO: BRCR2002-0773(1-2) |
| V.                ) | |
| ) | |
| FRANCESCO CIAMBRIELLO ) | |

### AFFIDAVIT OF DAVID R. ARDITO

Now comes David R. Ardito, who hereby swears under the pains and penalties of perjury that the following statements are true and accurate to the best of my knowledge:

1. My name is David R. Ardito and I am an attorney in good standing with the Massachusetts Bar Association, with an office located in the Bisio & Dupont Building at 228 County Street, Attleboro, Massachusetts 02703-3534.

2. I am the attorney of record for the Defendant, Francesco Ciambriello, in the above-captioned matter.

3. It has been brought to this attorney's attention that             las filed a Civil Suit against "AMSA" (her employer).

4. Due to that Civil Suit, Discovery has taken place and through that Discovery it was revealed that the Commonwealth had lost important and exculpatory evidence.

5. The evidence lost consists of videotapes from a surveillance camera of the 8-hour work shift and both            and the Defendant were viewed during their work shift.

6. On July 1, 2003, employees from "AMSA" were subpoenaed by the Commonwealth and a preliminary hearing took place, whereby those employees stated under oath that the videotapes were removed by the Commonwealth or its agents and were never returned.

Dated: July 30, 2003

Respectfully submitted,
David R. Ardito,

David R. Ardito, Esq.
Bisio & Dupont Building
228 County Street
Attleboro, MA 02703-3534
(508) 431-2222
BBO# 630025

### Certificate of Service

I, David R. Ardito, hereby certify that I have served a copy of the foregoing Affidavit of David R. Ardito upon the Assistant District Attorney handling the matter, by hand-delivering to Jeanne Veenstra of 888 Purchase Street, New Bedford, Massachusetts 02740 on this 31st day of July 2003.

COMMONWEALTH OF MASSACHUSETTS
Trial Court Department
Criminal Session

| | |
|---|---|
| COMMONWEALTH ) | NEW BEDFORD DIVISION |
| ) | |
| V. ) | Docket No: BRCR2002-0773(1-2) |
| ) | |
| FRANCESCO CIAMBRIELLO ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### STATEMENT OF CASE

On May 24, 2001, the Defendant was brought to the Attleboro District Court to answer charges for the rape and indecent assault and battery on ⸻. The Defendant was held on $2,500.00 cash bail, which was posted. On or about the 28th day of June 2002, an indictment was returned and presented to the Superior Court by the Grand Jury and ordered to be filed. This case is scheduled for Trial.

### STATEMENT OF FACTS

The Defendant and ⸻ worked together at Armored Motor Car Services of America (hereinafter referred to as "AMSA") on May 19, 2001. ⸻ alleges that the Defendant, Francesco Ciambriello, sexually assaulted and raped her. ⸻ further alleges that the rape took place in a supervisor's office. It should be noted that "AMSA" is a money-processing depository, which has security cameras throughout the inside and outside of the building.

The cameras were able to video the entire eight-hour work shift of both ⸻ and the Defendant, with the exception of approximately five (5) minutes when they were in the supervisor's office, where the alleged rape took place. These videos were gathered by the Attleboro Police and were placed in the custody of the District Attorney's Office so that Defense counsel could view them as per discovery compliance by agreement. The videos, while in the care and custody of the Commonwealth, were lost and are not now available.

## ARGUMENT

The Complaint should be dismissed for the Commonwealth's failure to preserve evidence, which deprives the Defendant of a fair trial under the United States Constitution and the Massachusetts Declaration of Rights.

## LAW

Prosecutors and police must preserve and present exculpatory evidence available to the prosecution. *Commonwealth v. Charles 397 Mass. 13-14 (1986).* The materiality of the evidence and the potential prejudice to the Defendant are factors to be weighed in any remedial action when evidence is lost or destroyed. *Commonwealth v. Olszewski 401 Mass. 749, 754 (1988).* Culpability of the government is also a factor, but "good faith or earnest efforts" to preserve evidence is not the Commonwealth's test. *Id at 755.*

## DISCUSSION

When potentially exculpatory evidence, is lost or destroyed, a balancing test is employed to determine the appropriateness and extent of remedial actions. The courts must weigh the culpability of the Commonwealth the materiality of the evidence and the potential prejudices to the Defendants. *Commonwealth v. Willie 400 Mass. 427, 432 (1987).* In our case, the Defendant would be extremely prejudice if we were to go forward without the videotapes. In a consent defense case, an alleged victim's demeanor is paramount. So much so that during the Grand Jury hearing, one juror asked about facial expressions and demeanor (see exhibit 1).

In our case, had the evidence not been lost, the Defendant could have shown a jury all of the interactions between himself and _____ for several hours after the alleged incident took place. In *Commonwealth v. Olszewski 401 Mass. 749-754 (1988)* the Commonwealth was responsible for pretrial loss of evidence and the loss precluded the Defendant from rebutting the Commonwealth's use of the fruits of its investigation. This case is on point with ours. The entire video, when viewed in its entirety, would be the most important defense in rebutting the Commonwealth's case. Evidence such as police reports, statements given to police by friends of _____ the size of the work area, who visited the site that night, _____ cigarette break outside the building

with her friend (who she called), could all paint a very different picture from those reports that will be testified to if a trier of fact was to see what was on the video. Some of these questions were raised by the Grand Jury (see exhibit 2). The Grand Jury thought it important enough to ask how long _____ and her friend were outside the building away from the Defendant.

In *Commonwealth v. Rodriguez 378 Mass. 296 (1979)* the Supreme Judicial Court reviewed the Defendant's 1977 conviction of rape and assault and battery with a dangerous weapon. In *Rodriguez* the Defendant was released on bail. The Defendant did not appear on the date set for Trial. By the time he was apprehended seven years later, the photographic array shown to the victim immediately after the rape and the Defendant's jacket obtained in a search pursuant to a warrant the day after the rape, had disappeared. We argue that if a photographic array and a jacket were construed to be crucial to a defense, how much more important is it to a Defendant to have a video presented to a Jury where they can view, examine and draw conclusions as to who is telling the truth. Important questions, such as 'Was _____ being forced into the supervisor's office or did she go willingly,' 'Was she in there long enough for this alleged attack to have taken place,' 'Could she have asked for help from Armored Car personnel', 'How long was she outside with her friend." From the defense's prospective, these questions could be answered by viewing the video. Without the video, the Defendant's constitutional rights would be jeopardized by only presenting prejudicial evidence.

In *Commonwealth v. Sasville 35 Mass. App. ct. 15 (1993)* the Court held that the Commonwealth's conduct (authorizing the destruction of an aborted fetus in a case where the teenage victim disclosed the alleged rape upon discovering she was pregnant), was grossly negligent, bordering "peritously close to supporting in inference of bad faith"

We do not suggest that the Commonwealth acted in bad faith as to its negligent handling of the evidence; however, the Defendant's best chance of balancing the scales of justice is no longer available. As in *Willie,* this Court must weigh the culpability of the Commonwealth, the materiality of the evidence and the potential prejudice to the Defendant.

## CONCLUSION

The Defendant asks that his Motion to Dismiss be allowed and the Complaint be dismissed.

Dated: July 31, 2003

Respectfully submitted,
Francesco Ciambriello,
By and through his attorney,

David R. Ardito, Esq.
Bisio & Dupont Building
228 County Street
Attleboro, MA 02703-3534
(508) 431-2222
BBO# 630025

### Certificate of Service

I, David R. Ardito, hereby certify that I have served a copy of the foregoing Memorandum in Support of Motion to Dismiss upon the Assistant District Attorney handling the matter, by hand delivering to Jeanne Veenstra at the Office of the District Attorney located at 888 Purchase Street, New Bedford, Massachusetts 02740 on this 31st day of July 2003.