# Exhibit H

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| BRISTOL, SS | TRIAL COURT DEPARTMENT<br>SUPERIOR COURT DIVISION<br>IND #: BRCR-2002-0773 (1-2) |
| COMMONWEALTH<br>V.<br>FRANCESCO CIAMBRIELLO | COMMONWEALTH'S OPPOSITION<br>TO DEFENDANT'S MOTION TO<br>DISMISS |



BRISTOL, SS SUPERIOR COURT
FILED
AUG - 7 2003
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

Now comes the Commonwealth in the above-entitled matter response to Defendant's Motion to Dismiss and replies as follows:

The Commonwealth recognizes its duty to preserve potentially exculpatory evidence for the Defendant to inspect, examine, or perform tests on. Commonwealth v. Neal, 392 Mass. 1, 11-12 (1984).

The Defendant in the case at bar seeks dismissal for the loss of potentially exculpatory evidence. In this case, the Defendant has the initial burden of establishing a reasonable possibility, based on concrete evidence and not on mere speculation, that the Commonwealth's actions deprived him of evidence that would have been favorable to his case. Commonwealth v. Olszewski, 401 Mass. 707, 714 (1993).

Once a Defendant shows that potentially exculpatory evidence is lost or destroyed, a balancing test is employed to determine the appropriateness and extent of remedial action. Commonwealth v. Willie, 400 Mass. 427, 432-433 (1987).

The Courts must weigh the culpability of the Commonwealth, the materiality of the evidence and the potential prejudice to the Defendant in order to fashion a remedy. Id. at 432.

### Culpability of the Commonwealth

Defendant's motion does not suggest that any action by the Commonwealth was intentional, in bad faith or even grossly negligent. While good faith on the part of the Commonwealth is not the test, the Court should consider the culpability in determining the remedy for any lost evidence. Id. at 432-433.

The Commonwealth expects to elicit testimony at the evidentiary hearing on the Defendant's Motion to Dismiss regarding the chain of custody and how the evidence was lost. The Commonwealth expects to show the loss was not intentional, in bad faith or even grossly negligent.

### Materiality of the Evidence

An analysis of the prejudice to the Defendant necessarily involves an inquiry into the nature of the evidence. Commonwealth v. Willie, 400 Mass. 427, (1987); Commonwealth v. Rodriguez, 50 Mass. App. Ct. 405 (2000). The Commonwealth expects to elicit testimony at the evidentiary hearing on the Defendant's Motion to Dismiss that a number of potential witnesses viewed the tapes. A number of police

officers viewed the tapes and prepared police reports regarding what they viewed on the tapes. An Assistant District Attorney, along with Defense Counsel, viewed the tapes. Employees of Armored Motor Services of America viewed the tapes. Any, or all, of these witnesses may testify at trial to what was depicted on the tapes.

As Defendant states, this is a consent defense. The alleged rape occurred behind a closed door, and was not depicted on surveillance tapes and is not claimed by Defendant to have been depicted on any tapes. What happened in the Supervisor's office will be the central issue in this case.

Other potential issues cited by the Defendant in his Motion to Dismiss are collateral to the ultimate issue in this case.

The Defendant, as argued in his Motion to Dismiss, is not foreclosed in presenting a defense or evidence which contradicts or questions the activity of the alleged victim subsequent to the alleged rape. This essentially would be impeachment evidence. The Commonwealth expects to elicit testimony from those who viewed the tape that the alleged victim went outside after the alleged incident and was seen with a friend smoking a cigarette, away from the Defendant. More importantly, the alleged victim herself testified at the Grand Jury that she was allowed outside by the Defendant, smoked a cigarette with her friend, and then returned inside the facility. See Exhibit 1, Grand Jury Transcript, Pages 33-34. Additionally, the fact that the alleged victim actually called her

friend and then went outside to smoke a cigarette with her was also testified to by the alleged victim at the Grand Jury. See Exhibit 1, Grand Jury Transcript, Pages 33-34.

The Defendant next claims the surveillance tapes would show who visited the worksite during the time in question. The alleged victim testified that after the alleged rape she continued to work with the Defendant processing money which was delivered to the facility by other employees. See Exhibit 1, Grand Jury Transcript, Page 35. Moreover, Counsel has been provided with the names and addresses of those persons who visited the worksite after the alleged rape. See Exhibit 2. If the alleged victim testified differently at trial, she could be impeached with her prior testimony and/or impeached by the calling of those workers who in fact visited the worksite. Any of those witnesses could be called to describe the demeanor of the victim when they visited the worksite.

Defendant also claims the videotape is necessary to show the jury the size of the work area. A number of other potential witnesses may describe the size of the work area. If an important issue exists as to the size of the work area and counsel does not believe a description would adequately convey to the members of the trial jury the size of the work area, photographs could be taken and offered into evidence.

### Potential Prejudice to the Defendant

The Commonwealth would argue that the loss of material evidence that is cumulative, or is overshadowed by other evidence of a defendant's guilt, may not be so prejudicial as to warrant corrective action by the trial judge. Commonwealth v. Woodward, 427 Mass. 659, 680 (1998). The Commonwealth contends that the evidence Defendant claims is material is actually cumulative of expected testimony at trial, not only from those who viewed the videotape, but the alleged victim herself is expected to testify to all of the above proposed activity cited by the Defendant in support of his Motion to Dismiss. It is the Commonwealth's position that there is no real prejudice to the Defendant.

Defense Counsel viewed the surveillance tapes. The general content of the missing evidence is known. Commonwealth v. Olszewski, 401 Mass. 749, 758 (1993). Since generally in pre-trial conversations, Defense Counsel has not suggested to the Commonwealth that what Commonwealth witnesses say was depicted on the tape is not an accurate description, it appears that Counsel for both the Commonwealth and the Defendant could enter into a stipulation as to what was depicted on the tapes.

### Dismissal of Indictment is not an Appropriate Remedy

The Defendant's Motion to Dismiss should be Denied. Dismissal of an indictment is a drastic remedy. Commonwealth v. Perito, 417 Mass. 674, 681 (1994). Dismissal of an indictment is a remedy that infringes "severely on the public interest in bringing guilty person's to justice". Commonwealth v. Olszewski, 417 Mass. 707, 717

(1993). The Commonwealth recognizes a Judge *may* dismiss an indictment in egregious cases, but would argue that this is not an egregious case. Commonwealth v. Henderson, 411 Mass. 309, 310 (1991)(emphasis added).

If remedial action is deemed warranted, the Court could take other steps to ensure the Defendant's right to a fair trial. A stipulation may be possible and/or an appropriate instruction that if there is any dispute as to the description of the evidence, the jury must resolve any doubt in favor of the Defendant. See generally, Commonwealth v. Rodriguez, 50 Mass. App. Ct. 405 (2000). Extensive cross-examination regarding any negligent handling of the physical evidence, the method of investigation and procedures (or lack thereof) for preservation of evidence would adequately protect the Defendant's rights. Olszewski at 715.

For the foregoing reasons, the Commonwealth requests that Defendant's Motion to Dismiss be denied.

Respectfully Submitted,

*Jeanne M Veenstra*
Jeanne M. Veenstra
Assistant District Attorney
For the Bristol District
BBO #: 642200

Dated: August 7, 2003.