# Exhibit J

2-1

Volume: 2
Pages: 96
Exhibits: Per Index

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.   SUPERIOR COURT
Indictment No. 2002-0773

**COMMONWEALTH OF MASSACHUSETTS**

vs.

**FRANCESCO CIAMBRIELLO**

BEFORE: CHIN, J.

**TRIAL TRANSCRIPT**

**APPEARANCES:**

**Jeanne M. Veenstra, Assistant District Attorney,** Bristol District, 888 Purchase Street, New Bedford, Massachusetts 02740, for the Commonwealth.

**David R. Ardito, Esq.,** BISIO & DUPONT, 228 County Street, Attlebor, Massachusetts 02703, for the Defendant.

New Bedford Superior Courthouse
New Bedford, Massachusetts
Thursday, November 20, 2003

MARILYN SILVIA
Official Court Reporter

2-1

```
                     P R O C E E D I N G S
          THE CLERK:  Mr. Ardito would this be a
change of plea?
          MR. ARDITO:  Yes.
          THE CLERK:  Mr. Ciambriello, would you
please stand and raise your right hand.
          (Defendant sworn.)
          THE DEFENDANT:  I do.
          THE COURT:  Take the stand, please.
          Is this an agreed upon disposition?
          MS. VEENSTRA:  It is, your Honor.
          MR. ARDITO:  Yes, your Honor.
          THE COURT:  Okay.  Can you tell me what
the agreement is.
          MS. VEENSTRA:  The agreement with
regard to the BRCR2002-0773-2, the Commonwealth
is prepared to nolle pros all that exceeds simple
assault and battery upon this Court's acceptance
of this defendant's guilty plea.
          The agreed upon recommendation is that
this defendant be sentenced to two years
supervised probation with the condition of no
direct or indirect contact with the complainant,
Heather Kiernan, and the imposition of the victim
```

```
 1    witness fee.
 2              Francesco Ciambriello, Sworn
 3    BY THE COURT:
 4    Q.  Sir, I'm going to ask you some questions before I
 5        accept your guilty plea, and the reason I'm
 6        asking you these questions is to make sure your
 7        that guilty plea is voluntary and that you
 8        understand the consequences of your guilty plea.
 9        If you don't understand any of these questions,
10        please stop me.
11                  Would you tell us your name for the
12        record.
13    A.  Francesco Antonio Ciambriello.
14    Q.  And how old are you, sir?
15    A.  Forty-nine.
16    Q.  How far did you go in school?
17    A.  Two years college.
18    Q.  And have you ever been treated for a mental
19        condition and are you aware of any mental illness
20        that you now have?
21    A.  No.
22    Q.  Have you taken any drugs or medication today?
23    A.  Only take medication for pain.
24    Q.  And when did you take that?
```

```
 1   A.   This morning, 5:00.
 2   Q.   What are you taking?
 3   A.   Tromidol, Neurotin, Motrin, Protonec, and I don't
 4        know, I can't recall the name
 5            (REPORTER'S NOTE:  The above medications are
 6            spelled  phonetically and difficult to
 7            decipher as the  defendant has a heavy accent.)
 8   Q.   Do these medications affect your ability to
 9        understand the questions I'm asking you?
10   A.   No.
11   Q.   And are you under the influence of alcohol?
12   A.   No.
13   Q.   Do you understand that the charge against you now
14        is assault and battery?
15   A.   Yes.
16   Q.   Do you understand that your attorney and the
17        assistant district attorney have reached an
18        agreement as to a disposition in this case?
19   A.   Yes.
20   Q.   And do you understand that I would not exceed
21        that recommendation without giving you an
22        opportunity to withdraw your guilty plea?  Do you
23        understand that?
24   A.   Yes.
```

```
 1  Q.  And do you understand that by pleading guilty
 2      you're giving up your absolute right to have a
 3      fair and impartial trial to determine your guilt
 4      or innocence either with or without a jury?
 5  A.  Yes.
 6  Q.  Do you also understand that by pleading guilty
 7      you are waiving your right to face your accusers
 8      and question them and other witnesses that appear
 9      against you and to present evidence in your own
10      defense?
11  A.  Yes.
12  Q.  And you also understand that by pleading guilty
13      you're waiving your right to exercise your
14      privilege against self-incrimination?
15  A.  Yes.
16  Q.  And do you also understand that by pleading
17      guilty you're waiving your right to appeal any
18      motions to suppress evidence that may have been
19      filed in this case?
20  A.  Yes.
21  Q.  And do you also understand that you are waiving
22      your right to be presumed innocent until proven
23      guilty beyond a reasonable doubt by the
24      Commonwealth?
```

```
 1   A.   Yes.
 2   Q.   And has your lawyer explained to you the maximum
 3        penalty for this offense?
 4   A.   Yes.
 5             THE COURT:  Do you want to give me a
 6        brief outline of the facts the Commonwealth is
 7        relying upon.
 8             MS. VEENSTRA:  The Commonwealth would
 9        allege that this defendant on May 19th in the
10        year 2001, in Attleboro, did touch the person of
11        Heather Kiernan without her consent.
12             THE COURT:  Thank you.
13   Q.   Did you hear the facts as stated by the assistant
14        district attorney?
15   A.   Yes.
16   Q.   Did you in fact commit those acts?
17   A.   Yes.
18   Q.   Do you understand by pleading guilty you admit
19        that those facts are true?
20   A.   Yes.
21   Q.   Do you plead guilty willingly, freely and
22        voluntarily?
23   A.   I don't understand the question.
24   Q.   Do you plead guilty willingly, freely and
```

```
 1        voluntarily?  Is this something you're doing --
 2   A.   Willingly, yes.
 3   Q.   Has anyone forced to you to plead guilty?
 4   A.   No.
 5   Q.   Have any promises or threats been made which have
 6        induced you to plead guilty?
 7   A.   No.
 8   Q.   Has your lawyer explained the elements of the
 9        crime to which you are pleading guilty?
10   A.   About the probation, yes.
11   Q.   And have you had enough time to fully discuss
12        your rights, defenses and possible consequences
13        of this guilty plea with your attorney?
14   A.   Yes.
15   Q.   And has your lawyer discussed and explained to
16        you all the options available to you in the event
17        you choose to proceed to trial?
18   A.   Yes.
19   Q.   And do you feel that your lawyer has acted in
20        your best interest?
21   A.   Yes, I do.
22   Q.   And are you confused in any way by the questions
23        I have asked you?
24   A.   No.
```

```
 1  Q.  As I understand it, you are pleading guilty
 2      because you are guilty and for no other reason;
 3      is that correct?
 4  A.  Yes.
 5  Q.  Do you understand that if you are not a United
 6      States citizen, under federal law, a guilty plea
 7      to this offense may result in deportation,
 8      exclusion from the United States, or denial of
 9      naturalization?  Do you understand that?
10  A.  Yes.
11  Q.  Did you have a chance to read this form called
12      Waiver of Defendant's Rights?
13  A.  Yes.
14  Q.  And you signed it --
15  A.  Yes.
16  Q.  -- on the back?
17  A.  Yes.
18  Q.  And did you understand what was in here?
19  A.  Yes.
20          THE COURT:  I find the plea has been
21      made voluntarily with knowledge of its
22      consequences and is hereby accepted.
23          You can step down, sir.
24          THE CLERK:  Francisco Ciambriello, on
```

```
 1    Indictment 2002-0773-2, as to so much of this
 2    indictment as alleges assault and battery, how do
 3    you plead, guilty or not guilty?
 4            THE DEFENDANT:  Guilty.
 5            THE COURT:  Counsel, do you want to be
 6    heard on disposition?
 7            MS. VEENSTRA:  Your Honor I just ask
 8    you to accept the joint recommendation.
 9            THE COURT:  Okay.
10            MR. ARDITO:  No, thank you.  We just
11    ask you to accept our recommendation.
12            THE CLERK:  Francesco Ciambriello, on
13    Indictment 2002-0773-2, after pleading guilty to
14    so much of this indictment as alleges assault and
15    battery, and the Court having accepted your plea
16    of guilty, it's the order of this Court that you
17    be placed on probation for a period of two
18    years.  This probation is to be supervised, and
19    you are ordered to stay away from and have no
20    contact with the alleged victim, Heather
21    Kiernan.
22            The Court has imposed a victim witness
23    fee in the amount of $90, and a probation service
24    fee in the amount of $65 per month.  Please see
```

9

1  probation before you leave the building today.
2          MR. ARDITO:  Thank you, your Honor.
3        **(Matter concluded.)**

## CERTIFICATE

I, Marilyn J. Silvia, Official Court Reporter, do hereby certify that the foregoing record, Pages 1 through 9, is a complete, accurate, and true transcription of my stenographic notes taken in the aforementioned matter to the best of my skills and ability.

*[signature: Marilyn Silvia]*
MARILYN J. SILVIA
Official Court Reporter