UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **HEATHER KIERNAN,**<br>    **Plaintiff,**<br><br>                v.<br><br>**ARMORED MOTOR SERVICES OF AMERICA, INC. and FRANCISCO CIAMBRIELLO,**<br>    **Defendants.** | **Civil Action No. 04-10131-RBC** |

## DEFENDANTS' MOTION TO CONTINUE SCHEDULED TRIAL DATE

Defendants Armored Motor Services of America, Inc. ("AMSA") and Francisco Ciambriello ("Mr. Ciambriello") pursuant to Rule 40.3(A) of the Local Rules for the District of Massachusetts hereby move for a continuance of the trial date in this matter from May 7, 2007 to a later date based on the following:

1. This Court has issued an Order scheduling a jury trial in this case commencing on Monday, May 7, 2007 at 11 a.m. *See Court Order for Pre-Trial Conference and For Trial dated November 14, 2006.*

2. On March 2, 2007, counsel for Plaintiff disclosed that Plaintiff is pregnant and has a due date at the end of May, 2007, meaning that she will be eight and one half months pregnant on May 7, 2007 when this trial is set to commence.

3. Although a pregnancy is generally anticipated to be nine months in length, "due dates are estimates of when the baby will arrive" and the normal time frame is generally considered to be "two weeks before [the] due date, until two weeks after

[the] due date." *See About Pregnancy & Childbirth at www.pregnancy.about.com (copy of article "When will my Baby be Born?" attached hereto as Exhibit A).* Moreover, medical complications are not unusual in the latter stages of pregnancy, often necessitating that a pregnant woman avoid stressful situations and be on bed-rest for the last few months of the pregnancy.

4. Given that the exact date that Plaintiff's baby will be born is uncertain, but could occur either shortly before or during the trial, a continuance of this trial date is necessary. There is significant trial preparation work that needs to be done in the weeks immediately preceding the trial. If Defendants did that work and then Plaintiff went into labor shortly before the start of the trial and requested a continuance at that time, all of that work will need to be done again before the new trial date. If the Plaintiff went into labor during the trial, there is a significant possibility that a mistrial would result, causing not only the expense to the parties of having to prepare for trial a second time but also resulting in the jury that has been selected and has devoted time to the matter to be dismissed and a second jury seated.

5. In addition, Defendants believe that they will be prejudiced if the trial proceeds when the Plaintiff is in the last month of her pregnancy[1]. Plaintiff is alleging that Defendant Francisco Ciambriello sexually assaulted her, a claim that Mr. Ciambriello denies. The credibility of Plaintiff will be a major issue in the trial of this case and Defendants intend to cross examination Plaintiff about many

---

[1] Defendants would not be making a motion for a continuance of the trial if the Plaintiff were in the first or even the second trimester of her pregnancy. It is the fact that Plaintiff is in the last month of the last trimester of her pregnancy that causes Defendants to believe that they will be unfairly prejudiced if the trial proceeds as scheduled.

untruthful statements that she has made about the alleged sexual assault and other related topics. Defendants are concerned that their ability to effectively cross examine Plaintiff will be hindered and that the jury will be unduly sympathetic to Plaintiff throughout the trial, but particularly during cross examination given her very advanced pregnancy.

6. It is well-established that "[e]ven if determined to be relevant, evidence may nonetheless be excluded within the sound discretion of the trial judge because its probative value is outweighed by the risk of . . . unfair prejudice to the opposing party." *Federal Rule of Evidence 403 (stating that evidence may be excluded where its probative value is outweighed by the danger of unfair prejudice).* In the present case, Plaintiff's appearance will likely cause such sympathy in the jury that Defendants will be unfairly prejudiced.

7. This prejudice could easily be eliminated by rescheduling the trial to a date after Plaintiff has given birth so that she will no longer be in the last stages of a pregnancy during the trial. Plaintiff will suffer no prejudice from such a continuance.

8. Plaintiff has been contacted and does not assent to this motion.

For the reasons set forth above, Defendants respectfully request that the trial be continued to a date after Plaintiff has delivered her baby and recovered from childbirth.

    Respectfully submitted,

    ARMORED MOTOR SERVICES OF AMERICA, INC. and FRANCISCO CIAMBRIELLO,

    By their attorneys,

/s/ Allison K. Romantz
Allison K. Romantz
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109

/s/ David Ardito
David Ardito
7 North Main Street
Barnes Building, Suite 215A
Attleboro, MA 02703

## **RULE 7.1(A)(2) CERTIFICATION**

     I hereby certify that pursuant to Local Rule 7.1(A)(2) that on March 12, 2007, Attorney Ardito and I conferred with counsel for the plaintiff, William McLeod, Esq., McLeod Law Office, 77 Franklin Street, Boston, MA 02108on, MA 02135 to attempt in good faith to resolve or narrow the issues contained in this motion, but have been unsuccessful in doing so.

                                                /s/ Allison Romantz
                                                Allison K. Romantz

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 14, 2007.

                                                /s/ Allison K. Romantz
                                                Allison K. Romantz