UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEATHER KIERNAN,

Plaintiff,
v.

ARMORED MOTOR SERVICE OF AMERICA,
INC. and FRANCESCO CIAMBRIELLO,

Defendants.

C. A. NO. 04-10131

**DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.'S
MOTION IN LIMINE TO ADMIT DEFENDANT'S PROPOSED EXHIBITS
TO WHICH PLAINTIFF OBJECTS**

Defendant Armored Motor Service of America ("AMSA") hereby requests that this Court issue an order allowing the introduction of AMSA's proposed exhibits to which Plaintiff objects (specifically, AMSA's proposed exhibits numbered 35-38 and 40-41). As set forth more fully below, AMSA submits these exhibits are proper evidence for the jury's consideration in the trial of this matter because the statements contained in these exhibits are relevant to matters at issue in this case regardless of their truth. Therefore, the documents are not inadmissible hearsay.

**I.   RELEVANT BACKGROUND**

AMSA seeks the admission of the following proposed exhibits to which Plaintiff objects:

35. Sworn Affidavit of Heather Kiernan dated September 18, 2001
36. Sworn Affidavit of Heather Kiernan dated July 16, 2003
37. Complaint For Protection From Abuse filed by Heather Kiernan and dated July 15, 2003
38. Abuse Prevention Order dated October 22, 2001 in connection with Plaintiff's Complaint For Protection From Abuse.

(*See* Exhibit A hereto, collectively referred to herein as "Plaintiff's 209A documents").

Also the subject of this Motion are the following exhibits:

    40.        Affidavit of John Kiernan dated March 28, 2005
    41.        Affidavits of John Kiernan dated September 19, 2001

(*See* Exhibit B hereto, collectively referred to herein as "John Kieran's 209A documents").

By way of relevant background, Plaintiff is seeking to recover emotional distress damages in this case as a result of the alleged sexual assault in May 2001. Specifically, Plaintiff claims the alleged assault in this case caused the "downward spiral" in her life that resulted in the breakdown of her marriage, her addiction to crack cocaine, and other emotional disturbances. Plaintiff's 209A documents provide statements and/or information from Plaintiff alleging that her former husband, John Kiernan, was physically abusive towards her. John Kiernan's 209A documents detail relevant events in Plaintiff's personal life during the time in question. As a result, both Plaintiff's and John Kiernan's 209A documents are evidence of their respective state of mind on matters that AMSA intends to argue were the actual cause of or significant contributors to the alleged emotional distress for which Plaintiff now seeks compensation from AMSA.

## II.    ARGUMENT

### A.    Plaintiff's And John Kiernan's Chapter 209A Documents Are Not Privileged.

The documents that AMSA seeks to introduce into evidence concern statements made by Plaintiff in connection with marital disputes and filed with the Probate Court.[1] The filings are not privileged. *See* M.G.L. c. 209A, § 8 (specifically identifying

---

[1] The affidavits filed in support of Plaintiff's and John Kiernan's request for restraining orders were made under oath.

2

confidential information in prevention of domestic abuse matters as limited to cases where plaintiff is a minor, and as to plaintiff's address, telephone and workplace information only). *See also Boston Herald, Inc. v. Sharpe*, 432 Mass. 593 (2000) (holding that judicial records of domestic abuse prevention act, as well as records of divorce proceedings, are presumptively open).

     **B.**    **Plaintiff's and John Kiernan's Chapter 209A Documents Are Admissible As Evidence Of The Declarants' Respective State Of Mind At The Time of The Filings.**

Plaintiff's and John Kiernan's 209A documents are not excludable as hearsay. Of course, Plaintiff's own statements (AMSA proposed exhibits 35, 36 and 37) are non-hearsay admissions pursuant to F.R.E. 801(d)(2).

The statements of John Kiernan (AMSA proposed exhibits 40, 41) are similarly admissible, as they are relevant to this matter regardless of their truth. *See* FRE 801(c). As stated above, Plaintiff in this matter seeks significant emotional distress damages as a result of the alleged acts of defendants. In particular, she claims that the events which gave rise to this action caused a downward spiral in her life which, among other things, resulted in the breakdown of her marriage to John Kiernan. Plaintiff having put her emotional state - and the cause of the dissolution of her marriage - at issue, AMSA is entitled to introduce evidence showing that other events resulted in her distress and the breakdown of her marriage. Whether or not the statements made in these documents by John Kiernan, or even Plaintiff herself, are true, they provide an alternative explanation for Plaintiff's emotional upset and the end of her marriage to John Kiernan.

When used for this purpose – evidence of a declarant's state of mind that is at issue in the case -- the 209A documents are wholly admissible. *See, e.g.,*

3

*Commonwealth v. Gilbert*, 366 Mass. 18, 27 (1974) (divorce document not hearsay when admitted for purpose of showing spouse's state of mind).  Because the information contained in the 209A documents is material to a fundamental issue in this case, it is admissible.

With specific regard to Plaintiff's Affidavit dated July 16, 2003 (#36) and John Kiernan's Affidavit dated September 19, 2001 (#41), the Court need not be concerned about totem-pole hearsay.  First, in Plaintiff's Affidavit, Plaintiff recounts an alleged statement by John Kiernan relating to a threat of physical abuse.  AMSA, however, does not offer this Affidavit, or this statement in particular, for the truth of the matter asserted therein.  Again, it is immaterial to AMSA whether John Kiernan actually said those words.  What is material is what Plaintiff's state of mind was when she allegedly heard her husband speak to her in that manner and her subsequent referral to that statement in connection with an application for protection from abuse.  Similarly, in John Kiernan's Affidavits, a portion of the Affidavits relate statements by Plaintiff and others.  Again, AMSA does not offer these documents for the truth of those statements, but rather for John Kiernan's state of mind upon hearing them.  Accordingly, these documents are admissible.

      C.    **Any Prejudice To Plaintiff Can Be Cured Through A Limiting Instruction**.

Plaintiff's objection to these exhibits on the grounds that their introduction into evidence will result in prejudice to her is misplaced.  "When evidence which is admissible to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."  F.R.E. 105.  As a result, the Court can

cure any threat of prejudice to Plaintiff through the use of a limiting instruction. *See* F.R.E. 105; *see also Handbook of Massachusetts Evidence* at §1.5. There is no reason this would not be effective in the instant case. *See, e.g., Gilbert*, 366 Mass. at 28 ("[W]e think that the trial judge effectively minimized any prejudicial impact possibly stemming from introduction of the divorce libel by his instructions to the jury.")

### III.  CONCLUSION

For these reasons, AMSA's proposed exhibits numbered 35-38 and 40-41 should be deemed admissible pursuant to the state of mind exception to the hearsay rule in the trial of this matter.

ARMORED MOTOR SERVICES OF AMERICA, INC.,

By its attorneys,

__/s/ Laurence J. Donoghue____
Laurence J. Donoghue (BBO #130140)
Allison K. Romantz (BBO# 554909)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA  02109
(617) 523-6666

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by first class mail, postage prepaid on this 11th day of April, 2007, to Plaintiff's counsel of record, William J. McLeod, Esq., McLeod Law Offices, 77 Franklin Street, Boston, Massachusetts 02110 and to Defendant Francisco Ciambriello's counsel of record, David R. Ardito, Esq., Bates Building, 7 North Main Street, Suite 215A, Attleboro, MA 02703.

___/s/ Laurence J. Donoghue__
Laurence J. Donoghue
