UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEATHER KIERNAN,

    Plaintiff,

v.

ARMORED MOTOR SERVICE OF AMERICA,
INC. and FRANCESCO CIAMBRIELLO,

    Defendants.

C. A. NO. 04-10131

**DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.'S
OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTIONS IN LIMINE**

Defendant Armored Motor Service of America ("AMSA") hereby opposes Plaintiff Heather Kiernan's Consolidated Motions In Limine ("Plaintiff's Motion"). AMSA responds in turn to each of Plaintiff's motions.[1]

### 1. AMSA Is Entitled To Rely On *The Aetna Casualty v. Niziolek* Defense And Explain Mr. Ciambriello's Guilty Plea Through Testimony Of Both Francesco and Ellen Ciambriello.

Despite controlling precedent to the contrary, Plaintiff would have the Court rule AMSA is not permitted to present any evidence to explain the reasons for Defendant Francesco Ciambriello's guilty plea in his criminal case. (Plaintiff's Motion at § 1). Specifically, Plaintiff contends AMSA should not be permitted to present evidence that Mr. Ciambriello pled guilty to simple assault because he did not want to expend additional personal finances to fund a second trial after the jury was hung on the charge of indecent assault on the grounds he did not have detailed personal knowledge of his family's finances. To the extent this evidence comes in through Ellen Ciambriello,

---

[1] Plaintiff included all of her motions in limine in one document entitled "Consolidated Motions In Limine."

Plaintiff contends, that testimony is barred under the spousal disqualification. Plaintiff's arguments are misplaced.

A guilty plea "is admissible in evidence as an admission in subsequent civil litigation, but is not conclusive." *The Aetna Casualty & Surety Company v. Niziolek et al.*, 395 Mass. 737, 747 (1985). "The plea may be explained and reasons shown for entering it." *Id*. To that end, AMSA intends to offer, and is permitted to offer, Mr. Ciambriello's testimony that he did not want to duplicate the $25,000 in legal expenses incurred in the first trial by undergoing a second trial, particularly where the reduced plea was a misdemeanor and would likely result in probation and the imposition of minimal costs. (*See* Deposition of Francesco Ciambriello, Day 2, attached hereto as Exhibit 1). Certainly the fact that Mr. Ciambriello did not want to expend his financial resources in this manner -- particularly given the fact that he was at the time (and remains) totally disabled from working and living on a limited, fixed income -- is admissible evidence and relevant to the permissible explanation of his guilty plea. It cannot be disputed that Mr. Ciambriello had personal knowledge of at least this fact.[2]

Plaintiff makes much of the fact that Mrs. Ciambriello, not Mr. Ciambriello, had personal knowledge of the details relating to the family finances and specifically the refinancing of their home in June 2001, which was done, in large part, to pay for the legal fees incurred to defend the criminal charges brought against Mr. Ciambriello. Plaintiff contends that, due to the spousal disqualification, Mrs. Ciambriello is not permitted to testify about the family finances or the reason she took certain actions related to those

---

[2] Even if Mr. Ciambriello testifies that he discussed finances with his wife, that evidence should not be barred due to the spousal disqualification. The statutory disqualification covers the *contents* of private conversations, but not the mere fact that the conversation occurred. *See Sampson v. Sampson*, 223 Mass. 451, 458-89 (1916) (finding wife properly permitted to testify that conversation occurred and, as a result, she took certain action).

finances. (Plaintiff's Motion at § 1). Plaintiff's reliance on the spousal disqualification is wholly misplaced.[3] AMSA intends to introduce evidence relating to these aspects of the Ciambriellos' financial picture by way of testimony from Mrs. Ciambriello. By Plaintiff's admission, Mrs. Ciambriello maintains the personal knowledge to support this testimony, which will draw directly upon that knowledge. This evidence is not barred by the spousal disqualification and there is no other basis to exclude it.[4]

For these reasons, there is no basis for the Court to exclude evidence, by either Mr. or Mrs. Ciambriello, used to explain the real reason for Mr. Ciambriello's guilty plea, including the proffered evidence relating to the Ciambriellos' finances.

### 2. Testimony Relating To Plaintiff's Deception At Deposition Is Admissible.[5]

As Plaintiff concedes in her Motion, she lied at deposition, under oath, about the fact that she was arrested in December 2000 for stealing money from her then-employer and that she was fired from that job as a result of her theft of money. Plaintiff concedes, as she must, that the fact that she lied under oath is relevant as it goes directly to her credibility as a witness. Plaintiff's only argument to exclude this evidence is that "its probative value is substantially outweighed by the danger of unfair prejudice." (Plaintiff's Motion at § 2).

---

[3] AMSA has no intention of eliciting testimony about communications between Mr. and Mrs. Ciambriello.

[4] Furthermore, evidence relating to conversations between Mrs. Ciambriello and David Ardito (Mr. Ciambriello's lawyer), regarding finances where Mr. Ciambriello was not present is admissible -- there is no privilege because Mrs. Ciambriello was not Attorney Ardito's client. *See In Re Keeper of the Records*, 348 F.3d 16, 22-23 (1st Cir. 2003). Similarly, in any such meetings between Mrs. Ciambriello and Attorney Ardito, in which Mr. Ciambriello participated, the attorney-client privilege would not have attached due to Mrs. Ciambriello's presence. *See In Re Keeper of the Records*, 348 F.3d at 23 ("the presence of third parties is sufficient to undermine the needed confidentiality" for the attorney-client privilege to attach).

[5] Plaintiff's Motion addresses both documents and testimony relating to the criminal charge of larceny brought against her. AMSA no longer intends to introduce documents on this issue (specifically, the criminal complaint and docket sheet). The instant Opposition on this point relates only to testimonial evidence.

It is "axiomatic that `all evidence is meant to be prejudicial; elsewise, the proponent would be unlikely to offer it.'" *Espeaignnette v. Gene Tierney Company, Inc.*, 43 F.3d 1, 7 (1st Cir. 1994).  Determining whether "unfair" prejudice exists requires an analysis of whether there will be "`an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.*  Here, Plaintiff has not demonstrated, nor can she, that the fact that she lied at her deposition about her arrest and that she was terminated from her job at that employer as a result is likely to elicit an emotional, or other equally inappropriate, determination by the jury.

More importantly, "[w]hen proffered evidence relates to the central issue in a case, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature, as Rule 403 requires." *Rubert-Torres v. Hospital San Pablo, Inc. et al.*, 205 F.3d 472, 479 (1st Cir. 2000); *see also Espeaignnette*, 43 F.3d at 6.  Here, Plaintiff's credibility is *crucial* to the outcome of this case.  Evidence concerning Plaintiff's willingness to lie under oath, at deposition, about her arrest and termination undisputedly is relevant to that credibility determination, as Plaintiff concedes.  Where that credibility determination is so vital to the case, the probative/prejudice balance weights in AMSA's favor.  *See Rubert-Torres*, 205 F.3d at 479.

"Because the Federal Rules of Evidence favor the admissibility of evidence, less intrusive measures to minimizing the prejudicial effect of evidence are preferred to excluding evidence." *Rubert-Torres,* 205 F.3d at 479.  To the extent the Court remains concerned that evidence of Plaintiff's deception under oath unfairly will prejudice her case, the Court can utilize a less restrictive means to minimize that prejudice than

excluding the evidence by giving limiting instructions. *See id.* For these reasons, there is no reason to exclude this evidence.

### 3. The Testimony Of Cathy Dowler Is Appropriate.[6]

Plaintiff seeks the exclusion of Cathy Dowler to the extent Ms. Dowler will testify as to whether Mr. Ciambriello was Plaintiff's supervisor. (Plaintiff's Motion at § 3). AMSA, however, is calling Ms. Dowler only to testify as to the steps AMSA took to educate its workforce about sexual harassment, including the sexual harassment training it provided to its managers. For this reason, there is no reason to exclude Ms. Dowler's testimony.

### 4. Evidence Relating To The 209A Proceedings Between Plaintiff And John Kiernan Is Admissible.

Plaintiff contends evidence relating to the care and protection and divorce proceedings between her and John Kiernan should be excluded. Plaintiff's sole support for this proposition is her belief such evidence is "not germane, and will only confuse the jury." (Plaintiff's Motion at § 4). As explained in AMSA's Motion In Limine, these documents are relevant to explain alternative reasons for Plaintiff's emotional upset, are not privileged, and are admissible.

#### a. Plaintiff's And John Kiernan's Chapter 209A Documents Are Not Privileged.

The documents related to the care and protection proceedings ("209A Documents") concern statements made by Plaintiff and her former husband in connection with marital disputes and filed with the Probate Court.[7] The filings are not privileged. *See* M.G.L. c. 209A, § 8 (specifically identifying confidential information in prevention

---

[6] AMSA has decided not to call Michael Bucci.
[7] The affidavits filed in support of Plaintiff's and John Kiernan's request for restraining orders were made under oath.

5

of domestic abuse matters as limited to cases where plaintiff is a minor, and as to plaintiff's address, telephone and workplace information only).  *See also Boston Herald, Inc. v. Sharpe*, 432 Mass. 593 (2000) (holding that judicial records of domestic abuse prevention act, as well as records of divorce proceedings, are presumptively open).

      b.    <u>Plaintiff's and John Kiernan's Chapter 209A Documents Are Admissible As Evidence Of The Declarants' Respective State Of Mind At The Time of The Filings.</u>

Plaintiff's and John Kiernan's 209A documents are not excludable as hearsay.  Of course, Plaintiff's own statements (AMSA proposed exhibits 35, 36 and 37) are non-hearsay admissions pursuant to F.R.E. 801(d)(2).

The statements of John Kiernan (AMSA proposed exhibits 40, 41) are similarly admissible, as they are relevant to this matter regardless of their truth.  *See* FRE 801(c).  As stated above, Plaintiff seeks significant emotional distress damages against AMSA as a result of the alleged acts of Mr. Ciambriello.  In particular, she claims that the events which gave rise to this action caused a downward spiral in her life which, among other things, resulted in her addiction to crack cocaine, her husband becoming verbally and physically abusive to her, and ultimately the dissolution of her marriage.  As Plaintiff has put her emotional state at issue, AMSA is entitled to introduce evidence showing that other events caused, or at least contributed to, her distress.

When used for this purpose – evidence of a declarant's state of mind that is at issue in the case --  the 209A documents are wholly admissible.  *See, e.g., Commonwealth v. Gilbert*, 366 Mass. 18, 27 (1974) (divorce document not hearsay when admitted for purpose of showing spouse's state of mind).  Because the information contained in the 209A documents is material to a fundamental issue in this case, it is

6

admissible.

With specific regard to Plaintiff's Affidavit dated July 16, 2003 (#36) and John Kiernan's Affidavit dated September 19, 2001 (#41), the Court need not be concerned about totem-pole hearsay. First, in Plaintiff's Affidavit, Plaintiff recounts an alleged statement by John Kiernan relating to a threat of physical abuse. AMSA, however, does not offer this Affidavit, or this statement in particular, for the truth of the matter asserted therein. Again, it is immaterial to AMSA whether John Kiernan actually said those words. What is material is what Plaintiff's state of mind was when she allegedly heard her husband speak to her in that manner and her subsequent referral to that statement in connection with an application for protection from abuse. Similarly, in John Kiernan's Affidavits, a portion of the Affidavits relate statements by Plaintiff and others. Again, AMSA does not offer these documents for the truth of those statements, but rather for John Kiernan's state of mind upon hearing them. Accordingly, these documents are admissible.

    c. <u>Any Prejudice To Plaintiff Can Be Cured Through A Limiting Instruction</u>.

Plaintiff's objection to these exhibits on the grounds that their introduction into evidence will result in prejudice to her is misplaced. "When evidence which is admissible to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." F.R.E. 105. As a result, the Court can cure any threat of prejudice to Plaintiff through the use of a limiting instruction. *See* F.R.E. 105; *see also Handbook of Massachusetts Evidence* at §1.5. There is no reason this would not be effective in the instant case. *See, e.g., Gilbert*, 366 Mass. at 28 ("[W]e

7

think that the trial judge effectively minimized any prejudicial impact possibly stemming from introduction of the divorce libel by his instructions to the jury.")

### 5. **AMSA No Longer Intends On Introducing The Training Video.**

Plaintiff seeks to exclude the "Valuing and Respecting Each Other" training video. AMSA no longer seeks to introduce it.

### 6. **Documents**

This section of Plaintiff's Motion is not one to which a response from AMSA is required. For AMSA's position on the exhibits Plaintiff addresses in this section, AMSA refers the Court to its Motion In Limine To Admit Defendant's Proposed Exhibits To Which Plaintiff Objects, dated April 11, 2007 (document number 79).

### Conclusion

For the foregoing reasons, the Court should deny Plaintiff's Consolidated Motions in Limine.

> ARMORED MOTOR SERVICES OF
> AMERICA, INC.,
>
> By its attorneys,
>
>
> /s/ Allison K. Romantz
> Laurence J. Donoghue (BBO# 130140)
> Allison K. Romantz (BBO# 554909)
> MORGAN, BROWN & JOY, LLP
> 200 State Street
> Boston, MA  02109
> (617) 523-6666

Dated: April 25, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by electronic notification and first class mail, postage prepaid on this 25th day of April to Plaintiff's counsel of record, William J. McLeod, Esq., McLeod Law Offices, 77 Franklin Street, Boston, Massachusetts 02110 and to Defendant Francisco Ciambriello's counsel of record, David R. Ardito, Esq., Bates Building, 7 North Main Street, Suite 215A, Attleboro, MA 02703.

/s/ Allison K. Romantz
Allison K. Romantz