UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS AT BOSTON

_____

HEATHER KIERNAN,

       Plaintiff,

-v-                                          CIVIL NO.  04-10131 RBC

ARMORED MOTOR SERVICE OF
AMERICA, INC., and
FRANCESCO CIAMBRIELLO

       Defendants.

_____


**PLAINTIFF HEATHER KIERNAN'S RESPONSE AND OPPOSITION TO DEFENDANT ARMORED MOTOR SERVICE OF AMERICA'S MOTION IN LIMINE TO ADMIT DEFENDANT'S PROPOSED <u>EXHIBITS TO WHICH PLAINITFF OBJECTS</u>**

Plaintiff Heather Kiernan opposes the introduction of the proposed exhibits numbered 35-38 and 40-41 and hereby responds to Defendant Armored Motor Service of America's (AMSA) Motion in Limine to Admit Defendant's Proposed Exhibits to which Plaintiff Objects (herein referred to as "Defendant AMSA's Motion in Limine").

### <u>Background</u>

Shortly after the incident which gives rise to the complaint, the Plaintiff and her now ex-husband became embroiled in what could best be characterized as a messy divorce.  The divorce proceedings ended in 2006.  As is common in many divorce actions, accusations between the parties flew back and forth.  The documents sought to be introduced originate from those proceedings.

1

The statements contained in exhibits numbered 35-38 and 40-41 are not relevant to the any of the issues of material fact or to a determination of damages. Fed.R.Evid. 401 and 402. Additionally, they should be excluded from evidence because the documents' probative value is substantially outweighed by the danger of unfair prejudice, they are confusing and will mislead the jury, and would be a needless presentation of cumulative evidence. Fed.R.Evid. 403.

The exhibits consist of affidavits and pleadings dated between September 2001 and March 2005 pertaining to a Chapter 209A Protection from Abuse matter. Proposed Exhibit A consists of statements by Heather Kiernan. Proposed Exhibit B consists of statements by John Kiernan.

Defendant AMSA states in its Motion in Limine that these exhibits should be admitted for the purpose of providing an alternative explanation for Plaintiff's emotional upset and the end of her marriage to John Kiernan (See p. 3, Defendant AMSA's Motion in Limine). AMSA denies that the statements contained within are hearsay, as they state that they are not offered for the truth of the matters asserted Id., p. 1. AMSA submits that the documents are admissible because they show the declarant's state of mind. Id., p. 2.

Whether or not the statements do show the declarant's state of mind at the time of making the statement, a showing of state of mind must also be relevant to the issues of material fact. Fed.R.Evid. 401, 402 and 403. Moreover, based on the fact that the information contained within the documents is embarrassing and bears no relevancy to the issues at hand, an introduction of the exhibits would unfairly prejudice the Plaintiff.

A.	**Privileged Documents**

Plaintiff agrees that the documents themselves are not privileged; however, the statements contained within are privileged as communications between spouses made during the marriage. To the extent that the documents seek communications which occurred during the marriage, they are disqualified as evidence. See Mass.Gen.L. c. 233, § 20.

Neither husband nor wife shall testify as to conversations with the other. See Id. The statements contained within the proposed exhibits quote conversations made during the marriage. Although admissible in an Abuse Prevention hearing, they are not admissible at this trial. Further, Defendant AMSA inappropriately cites Boston Herald, Inc. v. Sharpe, 432 Mass. 593 (2000). The holding in that case supports the access by media groups to view impounded papers from a divorce proceeding that were sealed by the alleged victim of murder by her husband. The case does not speak to whether or not the statements contained within the impounded papers of the domestic abuse order were admissible at trial and therefore carries no weight in these circumstances.

In addition, Plaintiff contends that the documents themselves are prejudicial, irrelevant, and will cause confusion as Heather Kienan seeking protection from her ex-husband has nothing to do with this case.

**B.     Plaintiff's Chapter 209A Documents Are Inadmissible**

Heather Kiernan's statements contained within her Chapter 209A documents are inadmissible. Defendant AMSA bases the admissibility of Heather Kiernan's statements on Fed.R.Evid. 801(d)(2), which states that non-hearsay admissions by a party opponent are admissible. However, relevancy and the danger of unfair prejudice to the party must always be considered when considering the admission of any previous statement, and Defendant AMSA has ignored this fundamental rule.

Heather Kiernan's statements dealing with the concern for the well-being and protection of herself and her son from her ex-husband do not prove or disprove whether Francesco Ciambriello raped her in May 2001 at the AMSA facility.[1] Fed.R.Evid. 401. Moreover, the statements are not relevant as to the amount of emotional damage the rape caused.

Perhaps if the Chapter 209A proceeding dealt with Heather Kiernan seeking protection from abuse from Francesco Ciambriello after the alleged rape, and not as a result of a failing marriage with John Kiernan, her statements would be relevant. However, this is not the case: the 209A complaint sought protection from John Kiernan. As for damages, the jury should not be allowed to make a determination as to how a subsequent marital dispute augments or diminishes the amount of emotional damages sustained by a rape at the workplace.

---

[1] There is no assertion or defense that the injuries inflicted on the Plaintiff, i.e., bite marks, etc., were inflicted by anyone other than Defendant Ciambriello, who admits only consensual physical contact.

4

**C.     John Kiernan's Chapter 209A Documents Are Inadmissible**

The Affidavit of John Kiernan dated March 28, 2005 and Affidavits of John Kiernan dated September 19, 2001 are inadmissible and should not be used for any purpose at trial. John Kiernan's state of mind is not relevant to the material issues of facts or to the determination of damages.[2]

There is no legitimate purpose for a jury to consider John Kiernan's state of mind, emotion, sensation, or physical condition. He was not allegedly raped. Plaintiff is not seeking recovery for John Kiernan's emotional damages. He is not a party to this action. His statements do not make the determination of any issue more or less probable without the evidence. See Fed. R. Evid 401. The documents in Exhibit B, and the statements contained therein, should not be allowed into evidence nor used for any purpose at trial.

The effect of John Kiernan's statements on Heather Kiernan's mind is not relevant to the material issues of fact or to the determination of damages. First, these statements are made in the form of an affidavit. This is not a contemporaneous event by which the Defendant can show what effect these statements had on the Plaintiff. Defendant AMSA cannot even show if the statements were "heard" or read at all. An introduction of these statements would provoke pure speculation as to how Heather Kiernan felt upon reading the affidavits, if she even read them. Second, as stated above, the jury should not

---

[2] Both sides have subpoenaed John Kiernan to testify in this matter. However, based on Mass. Gen. L. c. 233, § 20 it is apparent that he may be disqualified from testifying. See Kaye v. Newall, 356 Mass. 300, 304 (1969) ("[c.233, § 20] is a rule of disqualification, not of privilege, and the testimony [is] inadmissible even if both spouses wish the evidence to be received.") Additionally, see Commonwealth v. White, 409 Mass. 266, fn. 1 (1991) wherein a rape victim was precluded from testifying as to conversations she had with her husband shortly after the incident.

be allowed to make a determination as to how a subsequent marital dispute augments or diminishes the amount of emotional damages sustained by a rape at the workplace.[3]

Perhaps most importantly, the Defendant is seeking an end-run around the mandatory requirements of Fed.R.Evid. 412.  In Defendant's "Summary of Evidence", AMSA makes specific reference to Mr. Kiernan's allegedly finding "an amorous email that Ms. Kiernan had sent to an AMSA co-worker Michael Pascetta that suggested that they were involved in a romantic relationship…" Joint Pretrial Memorandum, p. 12.  By using this evidence, and by making this representation in its Summary of Evidence, AMSA is clearly trying to offer evidence "to prove that any alleged victim engaged in other sexual behavior…[or her] sexual predisposition."  Fed.R.Evid. 412(2).

Fed.R.Evid. 412 <u>excludes</u> this evidence unless AMSA, as the "party intending to offer evidence….(A) file a written motion at least 14 days before the trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause, requires a different time for filing or permits filing during trial; and (B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative."  Fed.R.Evid. 412(c)(1)(A) and (B).

---

[3] It also goes without saying that Ms. Kiernan and other third party witnesses can put into proper context the documents the Defendant seeks to introduce.  However, the jury should not be sidelined by hearing witness testimony on the process and procedures in the divorce when their duty is to find much more important facts.   It therefore, could end up confusing the fact finder. <u>United States v. Dennis</u>, 625 F.2d 782, 796-797 (8th Cir. 1980) ("[c]onfusion of issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues")(citing: <u>Seven Provinces Insurance Co. v. Commerrce & Industry Insurance Co.,</u> 65 F.R.D. 674, 689 (W.D.Mo. 1975).

Before any decision on admitting the evidence can be had, the Court "must conduct a hearing *in camera* and afford the victim and the parties a right to attend and be heard. The motion, related papers, and the record of hearing must be sealed and remain under seal unless the court orders otherwise." Presumably this requirement has been ignored because AMSA can in no way demonstrate that this evidence should be admissible. Fed.R.Evid. 412(c)(2).

This evidence will only demonstrate the manipulations of a sad, desperate, and perhaps emasculated husband. The employee who it is alleged that Ms. Kiernan was having some sort of relationship with has denied any claims of any relationship.[4] There is no physical evidence of consensual physical relationships with other AMSA employees. Despite John Kiernan's machinations presenting Ms. Kiernan as unfit, she has custody of their son – by <u>agreement</u>. There is <u>no</u> evidence of any affair or any marital infidelity during the relevant time frame other than the imagination of Plaintiff's ex-husband and his affidavit

---

[4] At his deposition, Michael Pascetta, the employee who is alleged to have had this relationship with Plaintiff testified as follows:
Q.  Did you and Heather ever have any type of romantic relationship?
A.  No.
Q.  Did you and Heather ever have any type of physical contact?
A.  No.
    MR. McLEOD: Objection to form.
Q.  Did you ever kiss Heather Kiernan?
A.  On the cheek.
Q.  Anywhere else?
A.  No.
Q.  Did Heather Kiernan ever express to you an interest in having a relationship that was more than just a friendship with you?
A.  No.
Q.  Did you ever express to Heather a desire to have a relationship with her that was more than just a friendship?
A.  No.
Q.  Did you ever tell anybody that you were interested in having a romantic relationship with Heather?
A.  No.
*Deposition of Michael Pascetta, pp. 35-36.*

7

created long after the relevant time frame. To put these documents into an appropriate context will entail taking the jury far away from the salient issues this cases presents. The rules do not permit such diversions.

### D. Prejudice To Plaintiff Cannot Be Cured Through A Limiting Instruction.

Prejudice cannot be cured through a limiting instruction. The prejudice of the jury hearing the statements contained within the Chapter 209A is not substantially outweighed by the probative value because the documents are not even relevant to any matter at hand. They serve only to deflect attention away from the core facts of this case: that the Plaintiff was raped and evidence that would have put her supervisor in jail for the crime seemingly vanished from the face of the earth.

The only value is reserved for Defendant AMSA. Indeed, they would prefer to paint the Plaintiff Heather Kiernan in a negative light, and force the jury to suffer through the intimate details of her failed marriage rather than the relevant facts. Defendant seeks to show Ms. Kiernan as a bad mother, a drug user, and someone predisposed to committing violent acts who was at the same time, having consensual sexual (or "amorous") relationships with other AMSA employees.[5] None of the allegations by John Kiernan are supported by any other evidence, and in fact are directly opposed by Heather Kiernan's statements as well as that of non-party witnesses. An introduction of both sets of documents will only lead to confusion and prejudice. Under Rule 403 "[u]nfair

---

[5] Plaintiff's drug use after the incident is not in dispute.

8

prejudice…means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." <u>United States v. Dennis</u>, 625 F.2d 782, 797 (8th Cir. 1980)[citing Advisory Committee's Note, Rule 403, Fed.R.Evid.].  This confusion can be avoided by excluding the introduction of any of the proposed documents as admissible evidence.

WHEREFORE, the Plaintiff respectfully requests that proposed exhibits numbered 35-38 and 40-41 be deemed inadmissible for any purpose at trial, and that the Defendant AMSA's Motion in Limine be DENIED.

Respectfully submitted:
HEATHER KIERNAN

DATED:   April 25, 2007

/s/  William J. McLeod
William J. McLeod, BBO No. 560572
McLEOD LAW OFFICES, PC
77 Franklin Street
Boston, MA  02110
617.542.2956/phone
617.695.2778/fax
wjm@mcleodlawoffices.com

<u>Certificate of service</u>

In accordance with the rules of this Court, I hereby certify today, April 25, 2007, that I caused a true copy of this document and all exhibits and attachments to be served on all parties listed below, who are participants in the Court's ECF program:

David Ardito, counsel for Ciambriello
Allison Romantz, counsel for AMSA
Laurence J. Donoghue, counsel for AMSA
Robert P. Joy, counsel for AMSA

/s/  William J. McLeod
William J. McLeod

9