UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS AT BOSTON

_____

HEATHER KIERNAN,

    Plaintiff,

-v-                                      CIVIL NO.  04-10131 RBC

ARMORED MOTOR SERVICE OF
AMERICA, INC., and
FRANCESCO CIAMBRIELLO

    Defendants.
_____

**PLAINTIFF HEATHER KIERNAN'S NOTICE OF GROUNDS OF OBJECTIONS TO THE SUPPLEMENTAL LIST OF PROPOSED EXHIBITS OF <u>DEFENDANT ARMORED MOTOR SERVICE OF AMERICA, INC.</u>**

Pursuant to the Court's Electronic Order granting the Joint Motion to Permit the Filing of a Supplemental List of Exhibits and Witnesses [Docket no. 760], the Plaintiff hereby gives notice of her objections to the proposed exhibit list supplemented by Defendant Armored Motor Service of America, Inc. (AMSA).[1]

TO THE DEFENDANT AMSA: Your Plaintiff objects as follows:

1. <u>Separation Agreement between Heather Kiernan and John Kiernan dated September 11, 2006</u>.  OBJECTION: Hearsay, irrelevant and prejudicial.  See Fed.R.Evid. 401-403, 801 and 802.

---

[1] These exhibits are identified Supplemental Joint Pretrial Memorandum dated and filed on April 20, 2007.

1

2. <u>Affidavit of John Kiernan dated April 5, 2006</u>.  OBJECTION: Hearsay, irrelevant and prejudicial.  See Fed.R.Evid. 401-403, 801 and 802.

3. <u>Police Report of Glen Larsen</u>.  Plaintiff's position: For the purposes of this objection, the Plaintiff assumes that the Defendant is referring to an "Incident Record Report" dated May 20, 2001 by Glen Larsen.  No objection to this document.

4. <u>Police Report of Susan Boisse</u>. Plaintiff's position: For the purposes of this objection, the Plaintiff assumes that the Defendant is referring to an "Incident Record Report" dated May 20, 2001 by Susan Boisse.  No objection to this document.

5. <u>Supplemental Police Report of Officer John Otrando.</u> <u>Plaintiff's position</u>:  For the purposes of this motion, this Plaintiff assumes that the Defendant is referring to an undated two page document entitled "Supplemental Report" signed by Sergeant John Otrando.  No objection to this document.

6. <u>AMSA Sexual Harassment Training Materials</u>.  OBJECTION: Hearsay, irrelevant and prejudicial.  See Fed.R.Evid. 403, 801 and 802.  Additionally, the Defendant has not sufficiently identified the documents (i.e., by number), thus Plaintiff

cannot determine what has already been identified, or what there may be of no objection to. Plaintiff will supplement this objection when and if AMSA identifies those "training materials."

7. <u>Selected Portions of Video from AMSA Security Video of May 19, 2001</u>. OBJECTION: Hearsay, irrelevant and prejudicial. See Fed.R.Evid. 403, 801 and 802. The evidence is not a total representation of the events of May 19, 2001, and therefore, without supplemental evidence cannot be viewed in an appropriate context.

|  |  |
|---|---|
|  | Respectfully submitted:<br>The Plaintiff,<br><br>HEATHER KIERNAN |
| DATED:     April 25, 2007 | By her attorney: |
|  | /s/  William J. McLeod<br>William J. McLeod, BBO No. 560572<br>McLEOD LAW OFFICES, PC<br>77 Franklin Street<br>Boston, MA  02110<br>617.542.2956/phone<br>617.695.2778/fax<br>wjm@mcleodlawoffices.com |

3

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 5.2 (b) and 5.4 (c), I hereby certify that on April 25, 2007 a true copy of the above document was served on each of the attorneys identified below who are participants in the Court's ECF program:

> David Ardito, counsel for Ciambriello
> Allison Romantz, counsel for AMSA
> Laurence J. Donoghue, counsel for AMSA
> Robert P. Joy, counsel for AMSA

>                               /s/  William J. McLeod
>                               William J. McLeod